THE STATE EX REL. GREEN, Respondent, vs. VAN ELLS, Appellant.

| 69 | 19 |
| 103 | 241 |

*February 5 — June 1, 1887.*

*Justice of the peace: Mandamus to compel entry in docket.*

A justice of the peace may be compelled by *mandamus* to make entries in his docket which are in accordance with the facts; but the entries in his docket import verity, and the writ will not lie to compel him to enter therein that, on receiving a verdict, he adjourned the cause until the next day for the rendition of judgment, when it appears by both his docket and his return to the writ that no such adjournment was made.

APPEAL from the Circuit Court for *Milwaukee* County.

This is a proceeding by *mandamus* by the respondent against the appellant, a justice of the peace, to compel him to enter in his docket an adjournment of a suit which was tried before him, wherein one August Meyer and another were plaintiffs, and the said *Lyman D. Green* was defendant. The circuit court, on the 27th day of January, 1885, upon the petition of the said relator, ordered the said justice to show cause why a peremptory writ of *mandamus* should not issue requiring him to enter in his docket the said adjournment. An issue was regularly made up and tried, and the court made its findings, and ordered a peremptory writ of *mandamus* to issue, and rendered judgment against the said *Van Ells* for the costs of the action. From the order directing the peremptory writ to issue, and the judgment for costs, the said *Van Ells* appeals. No bill of exceptions was settled; the appellant insisting that the

findings of the court did not warrant the issuing of a peremptory writ and the judgment. The findings are as follows:

"(1) That the respondent, *John Van Ells*, at the time and times mentioned, was a justice of the peace in and for the town of Lake, county of Milwaukee and state of Wisconsin; (2) that the suit in which August Meyer and Martin Ackermann were plaintiffs, and *Lyman D. Green*, the relator herein, was defendant, was tried and determined before said justice on the 24th day of June, A. D. 1885; (3) that the jury in said case, duly impaneled and sworn, brought in a verdict at ten minutes to eight o'clock P. M. on said 24th day of June, 1885, in following form: 'We, the undersigned jurors, find for the plaintiffs;' (4) that said *John Van Ells* did not forthwith pronounce or render judgment on said verdict as required by law, but did orally and publicly announce an adjournment of said cause for the rendition of judgment on the verdict to June 25, 1885, to ten o'clock in forenoon, at his office; (5) that said *John Van Ells* did not enter and has not entered, nor caused said adjournment to be entered, in his docket, and his said docket does not show such an adjournment; (6) that said *Van Ells*, though requested to enter said adjournment by the relator, yet he wholly neglected and refused so to do, and still does wholly neglect and refuse to enter the same in his docket; (7) that the relator has no other remedy except by *mandamus;* (8) that Meyer and Ackermann, the judgment creditors whose interests might be affected by this proceeding, had ample and sufficient notice.

"And the court finds the following conclusions of law from the above facts: (1) That the relator is entitled to a peremptory writ of *mandamus* directed to said *John Van Ells*, commanding and requiring him to forthwith make entry in his docket in the suit of *August Meyer and Martin Ackermann v. Lyman D. Green*, tried before said *Van Ells*

on the 24th day of June, A. D. 1885, immediately after the entry, 'We, the undersigned jurors, find for the plaintiffs,' the following entry: 'Court adjourns this cause for rendition of judgment on the verdict to June 25, 1885, to 10 o'clock in the forenoon, at my office;' (2) that the relator should have and recover from the respondent the nominal sum of six cents damages, together with his costs and disbursements, and that he should have judgment therefor.

"Let judgment be entered as of October 9, 1885.

"By the court.

"CHARLES A. HAMILTON, Circuit Judge."

The cause was submitted for the appellant on the brief of *W. J. Turner*, and for the respondent on that of *J. E. Wildish*.

For the appellant it was contended, *inter alia*, that a mere announcement is not sufficient to constitute an adjournment, but an entry thereof in the docket at the time is essential. *Brown v. Kellogg*, 17 Wis. 475. *Mandamus* will not lie to compel a justice to insert in his docket a statement which is not true.

For the respondent it was argued that the circuit court has jurisdiction by *mandamus* to compel a justice to perform the ministerial act of making proper entries in his docket. *State ex rel. Marsh v. Whittet*, 61 Wis. 351.

The following opinion was filed March, 1, 1887:

COLE, C. J. The peremptory writ issued commanding and directing the appellant to make an entry in his docket of an adjournment, after the rendition of the verdict, in the suit named, which had been tried before him as a justice of the peace. But the appellant in his return to the alternative writ distinctly denies that any such adjournment was ever made; and the fair inference from the docket entries, which are made part of the return, is that the justice rendered judgment upon the verdict without any adjournment.

The entry is: "The jury returned a verdict as follows: 'We, the jury, find for the plaintiffs.' Whereupon the court rendered judgment against the defendant; and it is hereby adjudged that the plaintiffs do recover from the defendant the sum of $8.85," etc. True, the word "*whereupon*" is not definite as to time; but, taken in connection with the statement of the justice, the conclusive presumption is that judgment was rendered on the verdict without an adjournment. The entries of the justice in his docket import verity, and they cannot be contradicted or impeached by the statements of the justice himself, even on matters of jurisdiction. *Cassidy v. Millerick*, 52 Wis. 379; *Smith v. Bahr*, 62 Wis. 244. So it appears that the peremptory writ directed the justice to make a docket entry which was not according to the truth of the matter, or the real facts of the case. It is needless to say that this was an unwarranted use of the writ. This court has held that a justice could be compelled by *mandamus* to make correct docket entries in conformity to the real facts. *State ex rel. Marsh v. Whittet*, 61 Wis. 351. But that is quite a different matter from the case before us. Both in the relation and in the reply to the return the relator states that the cause was adjourned from the evening of the 24th of June to 10 o'clock A. M. the next day. But this is positively denied by the appellant in his return, and it does not appear that evidence was taken to show the return was incorrect. On this state of proof the peremptory writ was not justified; but, on the contrary, the alternative writ should have been quashed.

Counsel have argued the question whether the judgment rendered on the verdict was such as the law authorized. It is plain that this question does not arise and cannot be decided in this proceeding. This is confined to the simple question whether the appellant should be compelled to enter in his docket an adjournment after the verdict was rendered. Upon the record as it now stands we are clearly of

the opinion that the appellant should not be required to do this.

The finding of the court below is that the appellant did not, on the receipt of the verdict, forthwith pronounce or render judgment on such verdict as required by law, but did orally and publicly announce an adjournment of the cause for the rendition of a judgment on the verdict to 10 o'clock in the forenoon of the next day. It does not appear upon what this finding is based. It is not claimed that the issues of fact made by the pleadings were tried by introducing witnesses to prove or disprove them,— even if such a practice would be regular, a question we do not decide. We presume the trial was of the issues of law raised by the relation, return, and answer, and on the application for the peremptory writ. Under the circumstances we do not feel concluded by the above finding.

We think the order of the circuit court must be reversed, and the cause be remanded with directions to quash the alternative writ and dismiss the proceedings.

*By the Court.*— Judgment accordingly.

Upon a motion for rehearing *J. E. Wildish*, for respondent, argued that in *mandamus* proceedings a justice's docket does not import verity.

The motion was denied June 1, 1887.