## Henry A. Gardner v. The People, etc.

1. CONTEMPT OF COURT—*Defined and Explained.*—Parties may be guilty of contempt by unseemly conduct in the presence of the court during a session thereof, or they may at any time or place contempt-uously disobey its orders. But to the existence of the contempt last specified, there must be in existence an order of the court in respect to some matter over which, in the making, it had jurisdiction.

2. SAME—*In Criminal Proceedings, Effect of Nunc Pro Tunc Orders.*—In criminal proceedings and those involving rules for contempt, *nunc pro tunc* orders can not operate to modify orders previously made or to take the place of orders intended to be made, but which were not made.

3. RECORDS—*Must be in Actual Existence.*—Courts of record speak only by their records and for evidence of what such a court has done, resort must be had to its records and knowledge of an order alleged to have been violated must be shown. For this purpose presence in court of the person accused and hearing of the order when given is sufficient, but it must have existed at the time when the violation is charged to have taken place.

4. AMENDMENTS—*Of Judicial Action—Rights of Third Parties.*—Amendments of judicial action. whether made in or after term, from minutes or memoranda of the clerk or court, or from the recollection of the judge, are made with a saving exception, expressed or implied, in favor of the rights of third parties, acquired in reliance upon the record as made by the clerk.

5. SAME—*For What Purpose a Court Can Not Amend Its Record.*—A court can not amend its record to correct a judicial error, or remedy the effect of judicial non-action.

**Contempt of Court.**—Appeal from the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, presiding.   Heard in the Branch Appellate Court at the October term, 1900.   Reversed.   Opinion filed February 21, 1902.

By the record in this cause it appears that there was at one time in the Superior Court, pending and undetermined, a certain chancery cause in which one Hamilton B. Bogue et al., were complainants, and one Henry Phipps, Jr., et al., were defendants; and there was pending in the Circuit Court of Cook County, a certain cause in chancery known as Franks v. Bogue.

Out of the existence of these cases in different courts arose, as appears, the following proceedings :

May 2, 1900, a rule was entered in said Superior Court by the Honorable Arthur H. Chetlain, one of the judges thereof, requiring that Henry A. Gardner, appellant, show cause on May 9th, why he should not be attached for contempt of court in causing to be entered a final decree in Franks v. Bogue, in Cook County Circuit Court, in violation of the order of this court.

May 11, 1900, the answer of Gardner to said rule was filed.

May 18, 1900, the following order was entered :

" And now on this day, during the arguments on the rule heretofore entered herein requiring Henry A. Gardner to show cause why he should not be attached for contempt of court for disobeying an order of this court made April 28, 1900, it having come to the knowledge of the court that no order appears of record as having been made on April 28, 1900, enjoining the counsel for the defendants herein from moving for the entry of a decree in the case of Franks v. Bogue, in the Circuit Court of Cook County, and it being within the recollection of the court that on April 28, 1900, there was before him Mr. Pliny B. Smith, counsel for complainants herein, and Mr. Henry L. Stern, representing Mr. Henry A. Gardner, the counsel for the defendants herein, and that said Smith made a motion for an injunction in accordance with the prayer of the bill in this cause, in support of which motion he requested the court to consider a certain transcript of evidence authenticated by the certificate of Master in Chancery George W. Miller, as

having been taken before said master on the reference of the cause to him, that the court, however, had no time to consider the said evidence or to hear arguments on the said motion on that day, and therefore postponed the hearing of said motion until Wednesday, May 2, 1900, and that upon the suggestion of said counsel for the complainant the court said, 'I order that counsel for the defendants take no action in the case in the Circuit Court until I can hear this motion, and I so order,' and that the court made said statement as a direction to the minute clerk to enter an order correspondingly, and it appearing to the court that the said minute clerk either did not hear the said order or did not understand it to be a direction to him to enter said order, and that by inadvertence the said order has failed to be entered of record, therefore the court orders that the said order be entered by the clerk as follows: On motion of counsel for complainants herein it is ordered that counsel for the defendants herein be enjoined from procuring or causing the entry of a decree in the case of Franks v. Bogue, in the Circuit Court of Cook County, and that the proceedings in that case remain in *statu quo*, until the further order of this court."

June 2d, 1900, the following order was entered:

" And now on this day, came on to be heard again the matter of the rule on Henry A. Gardner, entered herein on the 2d day of May, A. D. 1900, requiring him to show cause why he should not be adjudged guilty of a contempt of court for his failure to obey the order of April 28, 1900, made in this cause, restraining counsel for the defendants herein from taking any action in the case of Franks v. Bogue, then pending in the Circuit Court of Cook County, until the further order of this court, which matter was heard upon the affidavit of Pliny B. Smith, filed herein on May 2, 1900, the answer of Henry A. Gardner to said rule, filed May 11, 1900, and the affidavits of Henry A. Gardner, Henry L. Stern and Sigmund Zeisler, in support of said answer, and upon the pleadings and record of proceedings in this cause, and the court having heard the arguments of counsel, and being now fully advised in the premises, does hereby find and adjudge the said Henry A. Gardner guilty of a contempt of this court in failing to obey the said order of April 28, 1900.

It is therefore ordered, adjudged and decreed that the said Henry A. Gardner be, and he is hereby fined the sum of fifty ($50) dollars for said contempt, and that he do stand

committed to the county jail of Cook county until the payment by him of said fine."

From the last order appellant prosecutes this appeal.

HENRY L. STERN, attorney for appellant; SIGMUND ZEISLER, of counsel.

No appearance by appellees.

MR. JUSTICE WATERMAN delivered the opinion of the court.

Parties may be guilty of contempt by unseemly conduct in the presence of court during a session thereof, or they may at any time or place contemptuously disobey orders of court. To the existence of the last mentioned contempt it is manifest there must be in existence an order of court in respect to some matter over which the court, in making the order, had jurisdiction.

Courts of record speak only by their records; that is to say, for evidence of what a court of record has done, resort must be had to its record. Knowledge of the order of court alleged to have been violated must be shown; for this purpose presence in court and hearing of the order when given is sufficient. But as before stated, order of court there must have been at the time when the violation is said to have taken place.

In criminal proceedings, and those involving rules for contempt, *nunc pro tunc* orders can not operate to modify orders theretofore made, or to take the place of orders intended to be made, but which were not made. Courts can, by *nunc pro tunc* orders, supply omissions in the record of what was actually done in the cause at a former time, and by mistake or neglect of the clerk was not entered in the clerk's minutes or the court's records; but where the court has failed to make an order which it could have made and in fact intended to make, it can not subsequently make the same *nunc pro tunc* so as to make it binding upon the parties to the suit from the date when it was intended to have been so entered. Ex parte Buskirk, 72 Fed. Rep. 14–20–21; Smith v. Hood & Co., 25 Penn. St. 218; McCor-

mick v. Wheeler, 36 Ill. 114; Perkins v. Hayward, 132 Ind.
95; Cleveland Leader Printing Co. v. Green, 52 Ohio St.
487; Gillett v. Union Nat. Bank, 56 Mo. 304; Cox v. Gress,
51 Ark. 224.

A court can not amend its record to correct judicial error,
or remedy the effect of judicial non-action.   Encyclopedia of
Pleadings & Practice, Vol. 17, 912; Forquer v. Forquer, 19
Ill. 68.

All amendments of judicial action, whether made in or
after term, from minutes or memoranda of clerk or court, or
from the recollection of the judge, are made with a saving
exception, expressed or implied, in favor of the rights of
third parties acquired in reliance upon the record made by
the clerk, which record imparts absolute verity.   McCor-
mick v. Wheeler, 36 Ill. 115; Gray v. Robinson, 90 Ind. 27;
Church et al. v. English, 81 Ill. 442.

As said by the Supreme Court in McCormick v. Wheeler,
36 Ill. 115, " No doctrine rests upon more stable ground."

The record that imparts absolute verity, and upon which
all who look may rely, does not reside " unwritten and
unspoken in the breast of the judge."   Nor does it exist in
memoranda kept by the court.

In the present case during the April term of court there
did not, nor until the 18th day of May, did there exist,
either record of court, memoranda of the judge, or minutes
of the clerk that any order had been made April 28th.

Upon the day last named, upon the recollection of the
court, for the first time there appeared on record, memo-
randa or minute, the order for disobedience of which twenty
days before (April 28th) appellant was held guilty of
contempt.

From the fact that the clerk made no minute of an order
on May 2d, it is fairly inferable that he heard none.

It is now, by the record of the proceedings had May
18th, established that the court did, April 28th, order that
counsel for the defendants in the case of Bogue v. Phipps,
Jr., in the Superior Court, " take no action in the case of
Franks v. Bogue in the Circuit Court until the court could

hear a motion for an injunction in the case of Bogue v. Phipps, Jr.," but it is not established that appellant was present when such order was made, or heard it; although it does appear that appellant was, after the adjournment of the Superior Court, told that Judge Chetlain had said to Mr. Stern, who represented appellant before the Superior Court, " Tell Mr. Gardner I don't want him to take any action in the other case until this motion is heard;" and that the opposing counsel in the case before Judge Chetlain, said to appellant after the adjournment of the Superior Court, " I presume your clerk has already told you that Judge Chetlain has ordered you to take no action in the Franks case until he can hear my motion for an injunction."

The order entered May 18th, is not *nunc pro tunc*. The court did not then, as of April 28th, enjoin counsel; the language of the injunction is, " It is ordered that counsel for the defendants be enjoined from," etc.   There was and is no order, *nunc pro tunc* or otherwise, made April 28th.

In this respect it is quite similar to the order considered in Bank of Hamilton v. Dudley, 2 Peters (U. S.), 492.  Appellant could not, and did not April 28th, disobey an order not only first placed of record, but actually made May 18th. The recitation as to what the court said April 28th, is not an order.

The order of court made June 2d, finding appellant guilty of contempt and imposing a fine, is reversed.