## SHOBER v. THE STATE OF OHIO.

*Bill of exceptions — Power of reviewing court to correct or change — Record of Cincinnati municipal court — Common pleas court can not review refusal to correct same, when — Criminal law — Court records — Erroneous reason for correct decision.*

1. Since a reviewing court on error has no control of the records of the court below and can not therefore make any corrections or changes therein, it is error for the court of common pleas to order affidavits made a part of the record of the court below by attaching them to a bill of exceptions.
2. The municipal court of Cincinnati is a court of record whose records import absolute verity, and its judgment or sentence pronounced in a criminal prosecution can not be contradicted, or the refusal of such court to correct its record be reviewed, on error.
3. If the decision of the court of common pleas in denying relief was the decision which it should have rendered, the fact that the court made its decision for an improper reason is not ground for reversal.

(Decided March 10, 1919.)

ERROR: Court of Appeals for Hamilton county.

*Mr. G. S. Hawke,* for plaintiff in error.

*Mr. Saul Zielonka,* city solicitor, and *Mr. Chas. Tatgenhorst,* assistant city solicitor, for defendant in error.

SHOHL, P. J. John L. Shober was tried in the criminal division of the municipal court of Cincinnati on February 2, 1916. The journal entry of the court reads:

"This day this cause came on for hearing upon the affidavit and warrant filed herein, defendant being in court and arraigned, pleaded not guilty, and the court hearing the testimony find said

defendant guilty, and do order said defendant to pay the costs.

"That upon further consideration, the court do order said costs to be suspended."

On April 4, 1917, he filed a *motion for diminution* of the record. The motion states that the record should show that the court found the defendant, Shober, not guilty and dismissed him, and prays that the record be corrected to show the acquittal. The court overruled the motion, the defendant excepted and prosecuted error to the court of common pleas.

When the case was heard in the court of common pleas certain affidavits were presented that were not part of the bill of exceptions, and the court made this entry:

"Upon application of the defendant herein, the State of Ohio, and for good cause shown, the affidavits of the State of Ohio, marked 'Exhibit No. 1' affidavit of Samuel Kennedy, 'Exhibit No. 2,' affidavit of Charles Diers, and 'Exhibit No. 3' affidavit of John A. Whittaker are hereby made part of the record in this case, as well as part of the record of the case in the Municipal Court of Cincinnati, styled State of Ohio v. John L. Shober, No. 31098."

Upon consideration, the court of common pleas dismissed the petition in error.

The attempt on the part of the court of common pleas to make the affidavits part of the record of the case in the municipal court was erroneous. A reviewing court on error has no control of the records of the court below, and can not, therefore, make any correction or change therein, but such corrections or changes must be sought in the court

where the record is made. *Smith* v. *Board of Education of Bucyrus,* 27 Ohio St., 44.

However, if the decision of the court of common pleas in denying relief was the decision which it should have rendered, the fact that the court made its decision for an improper reason is not ground for reversal. *State* v. *Cox,* 87 Ohio St., 313, 338; *Wright* v. *Hull,* 83 Ohio St., 385, 394, and *Hawver* v. *Whalen,* 49 Ohio St., 69, 76, 77.

Plaintiff in error claims in argument that the trial judge orally pronounced him not guilty, although a judgment of guilty was entered on the record of the court.

The municipal court of Cincinnati is a court of record. (Section 1558-1, General Code.) It is frequently stated that a court speaks only through its records. In the case of *Bullitt County* v. *Washer,* 130 U. S., 142, at page 149, the court says:

"The well-settled maxim that a court of record can act only through its orders made of record, when applied to judicial proceedings, means that where the court must act itself, and act directly, that action must always be evidenced by the record."

Suppose a court orally pronounces a certain sentence, but enters on the record a different sentence than that pronounced orally. A serious question would be presented. In *State, ex rel. Goodin,* v. *Este et al.,* 7 Ohio (pt. 1), 134, 145, the court says that every operative order of the court must be entered on the minute book, and until so entered it is not in force. In 1 Black on Judgments (2 ed.), Section 106, a distinction is made between

the judgment or sentence and the entry of it. This distinction is adverted to in the case of *State, ex rel. Best,* v. *Meacham,* 6 C. C., 31. See also *United States* v. *Stoller,* 180 Fed. Rep., 910. The decision in che case of *State, ex rel. Sherwood,* v. *Hoffman,* 95 Ohio St., 144, does not decide that point. In the case of *Santo* v. *State,* 17 C. C., N. S., 110, the circuit court held that the journal is the proper evidence of the sentence actually imposed in a criminal case and can not be contradicted by a bill of exceptions.

The record shows that the trial judge does not admit that there is any difference between the sentence pronounced orally and the sentence as entered. By refusing to correct the record, the trial judge certifies that no other decision was made than that shown in the journal. This record imports verity and can not be contradicted. *Shroyer* v. *Richmond et al.,* 16 Ohio St., 455, and *Nicholson* v. *Loeff,* 253 Ill., 526.

If an error is made in the entering of a judgment and the record shows a different decision than that which was actually made by the court, the trial court is the court to correct that error. *Sedam* v. *Meeksback,* 6 C. C., 219, and *Smith* v. *Board of Education of Bucyrus,* 27 Ohio St., 44.

If an application is made to the trial court to correct its record and that court refuses to make any corrections, such action is not reviewable. *Davis* v. *Township of Delaware,* 42 N. J. L., 513, also 45 N. J. L., 186, and *Gilman* v. *Libbey,* 4 Clifford (U. S.), 447; see 11 Cyc., 764.

The reasons are well set out in the decision of *People, ex rel. Galvin,* v. *Judge,* 9 Cal., 19. There

the trial court signed what he alleged was a true bill of exceptions and refused to sign any other. In determining that he could not be compelled to sign the other bill of exceptions, or to have tried by a jury the question whether the bill of exceptions, as signed, correctly stated the proceedings, the court says, at page 21:

"Courts of such extended jurisdiction and grave responsibility as the district courts must, from the very nature of the case, be trusted as to the fidelity of their own records. It would destroy all confidence in the verity of the records of these courts were the rule once laid down that their truth could be questioned."

This was approved in *Clark* v. *Crane, Judge,* 57 Cal., 629, 636, and *People* v. *Bitancourt,* 74 Cal., 188. See also *State, ex rel. Green,* v. *Van Ells,* 69 Wis., 19.

The power of the court over its own journals is inherent. If the court that tries a case may not certify what proceedings took place before it there might be unlimited controversy. In our judicial system the trust in the integrity of the judiciary is fundamental. The certificate of the trial judge as to what order it made on the trial of John L. Shober imports absolute verity and no other court can order it changed.

The decision of the court below dismissing the petition in error was right.

*Judgment affirmed.*

HAMILTON and CUSHING, JJ., concur.