The State of Ohio, Appellee, *v.* DePaulo, Appellant.

(No. 5573—Decided January 20, 1971.)

*Mr. James V. Barbuto*, prosecuting attorney, and *Mr. Harold K. Stubbs,* for appellee.

*Mr. Kent R. Minshall*, for appellant.

Hunsicker, P. J. This is an appeal from a judgment of guilty rendered by the Court of Common Pleas of Summit County, Ohio, without the intervention of a jury. A jury was properly waived, in writing, by the defendant, appellant herein, Robert Carmen DePaulo.

DePaulo was, at all times herein, an inspector for the department of liquor control of the state of Ohio. In that capacity, he inspected certain premises for Klein Seafood, Inc., the holder of a c-2, or carry out, permit for the sale of beer and wine. The indictment for bribery, in substance, charged that DePaulo solicited and accepted from Paul Klein, the owner of the seafood store, money in the amount of twenty-five dollars, all in violation of R. C. 2917.01— the payment being solicited and received for the purpose of influencing the report of investigation of a new location for the seafood store.

The evidence shows that the money alleged was passed by Paul Klein to DePaulo while a police officer of the city of Akron was hiding in such a position as to view the transaction while not being seen by DePaulo. The officer then confronted DePaulo and asked that the money be turned over to him. Upon refusal by DePaulo, the officer placed DePaulo under arrest and took the paper money from his pocket. Upon an examination of the serial numbers of the bills so taken, they were found to match the numbers of bills previously noted by Paul Klein on a paper given to the police officer.

After the arrest, a preliminary hearing was had, and DePaulo was bound over to the grand jury. The grand jury then returned the indictment noted above and a plea of not guilty was entered.

A change of lawyers for DePaulo took place at this time, and, in due course, the matter was set for trial. Prior to the change of lawyers, a motion to suppress the evidence was filed, which was not then heard. The new lawyer then filed a motion to appoint a commissioner to take depositions, and a motion for a bill of particulars. None of the motions were heard prior to the day set for trial— to wit, March 2, 1970.

On this last named date, the matter came on for trial before the common pleas court. A jury was waived, in writing, in open court. Defense counsel, in response to the question by the trial judge "what are we here on this morning, the trial on the merits," said, "that's right." Defense counsel then moved for, and was granted, a separation of witnesses.

The prosecuting attorney then made his opening statement, whereupon, counsel for DePaulo moved for a discharge of his client in lieu of an opening statement, saying that the three motions had never been acted upon. The trial judge then said that he would hear the motion to suppress, but recessed the hearing for two weeks.

When the court again convened eighteen days later, it ruled that the conduct of defense counsel, in waiving a jury and stating that they were ready to proceed on the merits, had waived the hearing on the motions, especially since

such defense counsel waited until the opening statement had been made to mention the motions.

The trial judge offered to hear the motion to suppress the evidence, whereupon counsel for DePaulo invoked R. C. 2937.21, as amended, effective January 1, 1960, which reads as follows:

"No continuance at any stage of the proceeding, including that for determination of a motion, shall extend for more than ten days unless both the state and the accused consent thereto. Any continuance or delay in ruling contrary to the provisions of this section shall, unless procured by defendant or his counsel, be grounds for discharge of the defendant forthwith."

This section is found in the chapter on preliminary examination and bail.

The trial judge thereupon sustained the motion, but, under the authority of *Columbus* v. *Nappi,* 5 Ohio St. 2d 99, directed that DePaulo be reindicted and the case, thereafter, be set for trial. The trial judge then said that DePaulo should be discharged from "custody and bail only."

The oral statement to discharge DePaulo from "custody and bail" was not journalized. The prosecuting attorney, before any further activity in the case, filed a motion to reconsider such oral ruling. Counsel for DePaulo then filed a motion to strike the motion for reconsideration from the file. The trial judge, at a hearing on April 24, 1970, overruled DePaulo's motion, and, considering the motion of the prosecuting attorney, ordered that the recessed trial proceed. DePaulo's counsel objected, saying that he had endeavored, by several means, to secure the approval of the court to a journal entry discharging DePaulo, as previously orally stated by the trial judge when he ordered DePaulo's reindictment, and a continuance of the matter until it could be reheard.

Counsel for DePaulo then objected to any further procedure in the matter, and the introduction of any evidence in the case. Counsel for DePaulo also objected "to the continuation of the case for [a] jurisdictional purpose." This objection was overruled. The prosecuting attorney was ordered to proceed with the trial, after being reminded that

he had theretofore made his opening statement. Defense counsel stated that he did not wish to make any opening statement. The witnesses were thereupon called. Defense counsel, although entering some objections to questions, said that he did not wish to cross-examine the witnesses. The transcript of the preliminary hearing in the Akron municipal court was introduced as an exhibit by agreement of counsel for each party.

Counsel for DePaulo assigns as error that:

"1. The judgment of the [trial] court is contrary to law.

"2. The judgment is against the manifest weight and without sufficiency of evidence beyond a reasonable doubt."

As to the second assignment of error, suffice it to say that we find credible evidence to establish the crime charged, with that degree of proof necessary in criminal cases.

We now direct our attention to the problems of law which arise in this most confused fact situation which developed in the effort to hear the case.

At the time the case came on to be heard before a judge only, after waiver of a jury trial, it was discovered that three motions were then pending which had never been brought to the attention of the Court of Common Pleas, by either the prosecuting attorney or the defense counsel. It was not until after the opening statement of the prosecuting attorney that defense counsel brought the pending motions to the attention of the trial court, and such action was taken only for the purpose of securing a complete discharge of the accused.

If DePaulo was then in jeopardy, the trial court had to proceed with the trial or run the risk of a complete discharge of the defendant then being tried. The trial judge never dismissed the defendant, but did continue the matter until he could determine if the motions were well taken. After such consideration, the trial judge denied the motions, and, after other trial maneuvering, the case proceeded to a conclusion that brings it into this court.

It is axiomatic that a trial court speaks only through its journal. R. C. 2323.22; *Shober* v. *State*, 11 Ohio App. 37, and authorities therein cited. The words "judgment"

and "order" are not defined in the code of criminal procedure, but are found in R. C. 2323.01. There being no order which required the discharge of DePaulo, he was not in jeopardy for a second time when the trial proceeded after a recess to consider the pending and unheard motions.

Did counsel for DePaulo waive the hearing of the motions by his conduct in saying to the court that he was in court to hear the case on its merits? There is a form for waiver of a jury trial in criminal cases in R. C. 2945.05. That form was complied with prior to the inquiry as to the nature of the proceeding before the court.

It is the law in this state that constitutional rights, as well as other nonmandatory rights, may be waived by the accused. *Stacy* v. *Van Coren*, 18 Ohio St. 2d 188, and authorities therein cited. That case also stated at page 190:

"It is, of course, well established that a waiver can be accomplished by acts or conduct as well as words."

It is also a well establish rule that "* * * an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court." *State* v. *Childs*, 14 Ohio St. 2d 56, at page 61.

In the case of *Hoffman* v. *State*, 98 Ohio St. 137, at 146, the court said:

"When there is no constitutional or statutory mandate, and no public policy prohibiting, an accused may waive any privilege which he is given the right to enjoy."

The conduct of defense counsel in this case, in the judgment of this court, amounted to a waiver of the right to have a hearing on the motions previously filed, but not heard, at the time the trial was to proceed on its merits.

We find no error prejudicial to the substantial rights of the appellant in this case and, hence, we affirm the judgment.

*Judgment affirmed.*

DOYLE, J., and BRENNEMAN, J., concur.