DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Defendant, Frank Romandetti, brings this appeal, asserting that the Cuyahoga Falls Municipal Court erred in its disposition of his motion to suppress the results of field sobriety tests obtained after a traffic stop by the Stow Police Department. We affirm.
 {¶ 2} On February 4, 2006, Defendant was detained by a patrol officer with the Stow Police Department who saw him commit two traffic violations: failure to use turn signals in violation of Stow Ord. 331.14(A), and failure to obey a traffic control device in violation of Stow Ord. 313.01(A). The officer administered field sobriety tests and determined that Defendant had committed a violation of R.C.4511.19(A)(1)(a), operating a vehicle under the influence, and R.C.4511.19(A)(1)(d), operating a motor vehicle while having a prohibited blood-alcohol content, both misdemeanors of the first degree.
 {¶ 3} On March 28, 2006, Defendant filed a motion to suppress the field sobriety tests including any determinations as to Defendant's blood-alcohol content, the statements made by Defendant during the stop, and the observations of the officers regarding Defendant's sobriety or blood-alcohol content. The magistrate held a hearing on Defendant's motion to suppress on May 2, 2006. He issued his opinion, including findings of fact, on May 11, 2006, recommending that Defendant's motion be denied. Defendant filed objections to the magistrate's findings, but did not include a copy of the hearing transcript with his objections. On June 21, 2006, the trial judge entered an order in which he noted that Defendant had not filed a transcript, and that, because his objections depended on the facts introduced at the hearing, his motion to suppress was denied absent a showing of good cause for the lack of the transcript. Defendant filed a motion for reconsideration on the objections. On August 1, 2006, Defendant pled no contest to the four charges enumerated above before the judge made a specific ruling on either the motion to suppress or the motion for reconsideration.
 {¶ 4} Defendant now raises one assignment of error:
 FIRST ASSIGNMENT OF ERROR "The trial court erred in not granting the [Defendant's] motion to suppress the evidence obtained from the invalid detention of [Defendant] by the arresting officer when he improperly detained [Defendant] to perform field sobriety tests."
 {¶ 5} Defendant asks this court to determine that the officer did not have a reasonable, articulable suspicion to support his decision to administer field sobriety tests to Defendant, and that the trial court therefore abused its discretion in not granting Defendant's motion to suppress this evidence. We overrule Defendant's assignment of error as having been waived, and affirm the trial court's judgment.
 {¶ 6} A careful review of the trial court record reveals that Defendant never received a ruling from the trial court on his motion to suppress. After the magistrate issued his findings and recommendations and Defendant filed objections to the magistrate's recommendations, the trial court simply overruled Defendant's objections without ruling on the motion.[1] After that decision, the record reflects that no further ruling was made regarding the magistrate's decision or Defendant's motion before Defendant pled and was sentenced. Crim.R. 19(E)(3)(a) as it was written at the time Defendant was charged states that "The magistrate's decision shall become effective when adopted by the court." Because the court did not adopt the magistrate's findings and recommendations, those findings and recommendations are not final and the motion was pending at the time of Defendant's plea.
 {¶ 7} This court ordinarily holds that a motion that is still pending at the time of the final disposition of a case is presumed to have been denied. See State v. Mollick (Aug. 23, 2000), 9th Dist. No. 99CA007381, at *1. However, in this case, Defendant is attempting to appeal from the very motion on which the court never ruled. We find that he has waived his right to assign error to the trial court's treatment of this motion.
 {¶ 8} In State v. Ziepfel (May 29, 1985), 1st Dist. No. C-840629, the court held that a defendant had waived his right to appeal the trial court's failure to rule on motions that he had not brought to the court's attention prior to trial: "We hold that counsel's silence and failure to object clearly indicate that defendant had withdrawn the motions from the court's consideration and accordingly waived any potential claim of error." Ziepfel, at *3. See, also, State v.DePaulo (1971), 25 Ohio App.2d 39, 43, 266 N.E.2d 238.
 {¶ 9} The situation here is similar: while Defendant is not specifically appealing the court's failure to rule on his motion, he is attempting to appeal the court's not granting his motion when the record is silent as to the court's disposition of that motion. If the court did rule on the motion, Defendant has not provided this court with a record of that ruling, which is his duty. See State v. Bishop (July 19, 1995), 9th Dist. No. 16988, at *3. If, as the record before us indicates, the court did not issue a ruling, Defendant has waived objection by failing to obtain a ruling prior to his plea. Because Defendant has already pled and the trial court has found him guilty and sentenced him, the case is concluded. Defendant cannot seek this court's review of a motion that he did not pursue in the trial court.
 {¶ 10} We therefore find that Defendant has waived any appeal of the trial court's actions on his motion. Defendant's sole assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Cuyahoga Falls Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
MOORE, J. BAIRD, J. CONCUR
[1] We note that the court, having overlooked Defendant's timely objections to the magistrate's decision, did issue a nunc pro tunc order on May 25, 2006, ruling that the magistrate's decision was adopted and approved. However, the court vacated that order on May 26, 2006, and the court acknowledged Defendant's timely objections.