[Cite as *State v. Scott*, 2017-Ohio-2642.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No. 28013 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JEREMY SCOTT | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 2015 01 0039 |

DECISION AND JOURNAL ENTRY

Dated: May 3, 2017

CALLAHAN, Judge.

{¶1} Jeremy Scott appeals from his convictions in the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} Mr. Scott sexually abused J.D. from the time she was seven until the time she was twelve. Mr. Scott lived with J.D. the majority of this time, first as her mother's boyfriend and later as her stepfather.

{¶3} A grand jury indicted Mr. Scott for ten counts of rape in violation of R.C. 2907.02(A)(1)(b), ten counts of sexual battery in violation of R.C. 2907.03(A)(5), and four counts of gross sexual imposition in violation of R.C. 2907.05(A)(4). Each count stated that the victim was under the age of thirteen. Counts 1, 2, 3, and 4 further specified that the victim was under the age of ten at the time of those offenses.

{¶4} Following a four-day jury trial, Mr. Scott was found guilty on all counts in the indictment. At sentencing, the trial court merged the sexual battery and gross sexual imposition counts into the rape counts. The court sentenced Mr. Scott to a life sentence on each of the counts, with parole eligibility after 15 years on counts 1, 2, 3, and 4, and parole eligibility after 10 years on counts 5, 6, 7, 8, 9, and 10. The court further ordered the sentences to run consecutively.

{¶5} Mr. Scott appeals raising one assignment of error.

II.

**ASSIGNMENT OF ERROR**

IT WAS PLAIN ERROR AND A DENIAL OF FUNDAMENTAL DUE PROCESS FOR THE TRIAL COURT TO ALLOW MULTIPLE CONVICTIONS BASED UPON A DUPLICATIVE INDICTMENT.

{¶6} In his sole assignment of error, Mr. Scott argues that he was denied due process because the indictment contained counts that were "duplicative in pairs." This Court disagrees.

{¶7} There was no objection to the indictment in the trial court. The failure to object to an indictment waives all but plain-error review on appeal. *State v. Horner*, 126 Ohio St.3d 466, 2010-Ohio-3830, ¶ 46. Plain error exists only where there is a deviation from a legal rule, that is obvious, and that affected the appellant's substantial rights to the extent that it affected the outcome of the trial. *State v. Barnes*, 94 Ohio St.3d 21, 27 (2002). Plain error is noticed "with utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of the syllabus.

{¶8} The various counts in Mr. Scott's indictment covered one-year time periods corresponding to J.D.'s age at the time of each offense. The first ten counts in the indictment alleged Mr. Scott raped J.D. in violation of R.C. 2907.02(A)(1)(b), which prohibits engaging in

sexual conduct with a person under the age of thirteen. Counts 1 and 2 covered the time period when J.D. was eight. Counts 3 and 4 covered the time period when J.D. was nine. Counts 5 and 6 covered the time period when J.D. was ten. Counts 7 and 8 covered the time period when J.D. was eleven. Counts 9 and 10 covered the time period when J.D. was twelve. Each pair of counts was identically worded.[1]

{¶9} Mr. Scott argues that this use of identically-worded counts violated his due process rights. In support, Mr. Scott relies on *Valentine v. Konteh*, 395 F.3d 626 (6th Cir.2005). *Valentine* involved a 40-count indictment alleging offenses over a ten-month time period. *Id*. at 629. The indictment contained 20 identically-worded counts for rape and 20 identically-worded counts for felonious sexual penetration. *Id.* The prosecution did not delineate the factual bases for the charges in a bill of particulars or at trial. *Id*. at 628. The court found a due process violation, but noted it was "traceable not to the generic language of the individual counts of the indictment but to the fact that there was no differentiation among the counts." *Id.* at 636. Consequently, the court found all but one conviction for rape and one conviction for felonious sexual penetration invalid. *Id*. at 637.

{¶10} Mr. Scott recognizes that this Court distinguished *Valentine* in *State v. Just*, 9th Dist. Wayne No. 12CA0002, 2012-Ohio-4094. Mr. Scott contends the distinction was "based on the fact that the [S]tate provided more specific details to the defense through a bill of particulars." Mr. Scott continues that he filed a motion for a bill of particulars, but there is nothing in the record to show that the State responded or that the court ruled on that motion. Mr.

---

[1] Mr. Scott notes that he was indicted on two identically-worded counts for each one-year time period in counts 11 through 20 (sexual battery) and 21 through 24 (gross sexual imposition) as well, but he does not challenge those counts because they were merged into counts 1 through 10 (rape) for sentencing.

Scott notes the general rule that appellate courts will presume that a motion was denied when a trial court fails to explicitly rule on that motion.

{¶11} While "[t]his [C]ourt ordinarily holds that a motion that is still pending at the time of the final disposition of a case is presumed to have been denied," there are exceptions to this general rule. *State v. Romandetti*, 9th Dist. Summit No. 23388, 2007-Ohio-363, ¶ 7; *see also State v. DePaulo*, 25 Ohio App.2d 39 (9th Dist.1971), syllabus (holding counsel's statement that he was present for a hearing on the merits of the case waived the right to hearings on pending motions including a motion for a bill of particulars). "Because a request for a bill of particulars, like a demand for discovery, is filed with the court but made directly to the prosecutor, the defendant is required to bring the [S]tate's failure to respond to the trial court's attention at a time when the error can be remedied." *State v. Sims*, 9th Dist. Lorain No. 94CA005797, 1994 WL 581408, *3 (Oct. 19, 1994). Based on the record, this Court is unable to discern whether the State did or did not provide Mr. Scott a bill of particulars. If Mr. Scott did not receive a bill of particulars, it was his obligation to bring that to the attention of the trial court. Mr. Scott did not file a motion to compel the State to provide him a bill of particulars or otherwise bring to the trial court's attention any alleged failure by the State to do so. Consequently, he cannot complain of such on appeal. *See State v. Hickle*, 6th Dist. Ottawa No. OT-03-034, 2004-Ohio-5250, ¶ 15, ("A defendant who has requested a bill of particulars waives error by proceeding to trial without receiving the bill or requesting a continuance.").

{¶12} In addition, this Court did not hold in *Just* that a bill of particulars was the only manner to differentiate among counts in an indictment. Rather, this Court noted that *Valentine* "specified that '[t]he due process problems in the indictment might have been cured had the trial court insisted that the prosecution delineate the factual bases for the forty separate incidents

*either before or during trial.*'" (Emphasis added.) *Just* at ¶ 8, quoting *Valentine* at 634. This Court found that the State adequately delineated among the counts through the different types of sexual contact and the different locations where the offenses occurred. *Just* at ¶ 9. The bill of particulars differentiated the types of sexual contact alleged, which was different for all but two of the counts. *Id.* at ¶ 7. In addition to the bill of particulars, which delineated all but two of the counts, there was a recorded interview between the victim and Children Services and the victim's testimony, which further differentiated the counts based on the location where the abuse occurred. *Id.* at ¶ 7, 9.

{¶13} In the present matter, multiple lay and professional witnesses testified at trial. Exhibits including J.D.'s medical records and various recordings were also admitted into evidence. Mr. Scott's argument fails to discuss any of this testimony or evidence, or how the State failed to establish the factual bases for each count during trial. An analysis of that testimony and evidence is necessary in order to determine whether any error occurred. "An appellant has the burden of demonstrating error on appeal." *State v. Mastice*, 9th Dist. Wayne No. 06CA0050, 2007-Ohio-4107, ¶ 7; *see also* App.R. 16(A)(7). Having failed to address the testimony and evidence at trial, Mr. Scott has not demonstrated that an error occurred, much less a plain error.

{¶14} Mr. Scott's assignment of error is overruled.

III.

{¶15} Mr. Scott's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

HENSAL, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

NICHOLAS SWYRYDENKO, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.