**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Scott v. Streetsboro,* Slip Opinion No. 2016-Ohio-3308.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-3308

THE STATE EX REL. SCOTT, APPELLANT, *v.* THE CITY OF STREETSBORO, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Scott v. Streetsboro,* Slip Opinion No. 2016-Ohio-3308.]**

*Mandamus—Public officials—Court of appeals' grant of city's motion for summary judgment regarding relator's entitlement to additional pay for his service as city's acting mayor and elected mayor affirmed—Court of appeals' grant of city's motion for summary judgment as to relator's entitlement to compensation for unused leave reversed, and matter remanded for court of appeals to conduct evidentiary hearing on these issues.*

(No. 2015-0800—Submitted March 8, 2016—Decided June 9, 2016.)

APPEAL from the Court of Appeals for Portage County, No. 2012-P-0105.

_____

**Per Curiam.**

{¶ 1} We affirm in part and reverse in part the Eleventh District Court of Appeals' judgment dismissing the petition of relator-appellant, Arthur F. Scott, for a writ of mandamus. Scott sought a writ ordering appellee, the city of Streetsboro, Ohio, to grant him additional pay for his former service as mayor and acting mayor of the city as well as compensation for unused vacation, sick, and personal leave.

{¶ 2} Because Scott waived his right to additional pay as acting mayor and was paid the correct salary as the elected mayor, we affirm the court of appeals' grant of Streetsboro's motion for summary judgment as to those issues. However, because there is a genuine issue of material fact regarding Scott's entitlement to compensation for unused vacation, sick, and personal leave, as to those issues, we reverse and remand for the court of appeals to conduct an evidentiary hearing.

{¶ 3} We also conclude that the court of appeals did not abuse its discretion in effectively denying Scott's motion to strike, and we deny Scott's request for oral argument.

*Facts*

{¶ 4} In May 2009, the mayor of Streetsboro resigned. Scott, then a member of the city council, was appointed by the council to serve as acting mayor until a successor was elected and qualified to serve for the remainder of the term.

{¶ 5} During a June 8, 2009 public council meeting related to the appointment, Scott said that he would perform the duties of acting mayor at his council member's salary of $3,600 per year. That same day, the council passed a resolution authorizing Scott's compensation at his council member's salary. Scott, as acting mayor, signed the resolution on June 10.

{¶ 6} Approximately five months later, in November 2009, Scott was elected to serve for the remainder of the former mayor's term. As the elected mayor, he was paid the same salary as that of the previous mayor, $74,328.00 annually. Scott was not reelected in 2011.

{¶ 7} In September 2012, Scott filed in the court of appeals a petition for a writ of mandamus, which he later amended, alleging that he was underpaid for his service as mayor and acting mayor and that he was entitled to compensation for unused vacation, sick, and personal leave. Following discovery, Scott filed a motion for summary judgment; the city filed a response and its own summary-judgment motion. In April 2015, the court of appeals granted summary judgment in favor of Streetsboro except with respect to Scott's claim of entitlement to pay for the last day of his term as the elected mayor.

{¶ 8} Scott appealed to this court. In addition to challenging the court of appeals' decision granting summary judgment in favor of Streetsboro, Scott requests that this court hold oral argument, and he challenges the court of appeals' failure to grant his motion to strike documents submitted by the city in opposition to his motion for summary judgment.

*Analysis*

**Oral argument**

{¶ 9} Oral argument in a direct appeal is discretionary. S.Ct.Prac.R. 17.02(A). In exercising this discretion, we determine whether the case involves a matter of great public importance, complex issues of law or fact, a substantial constitutional issue, or a conflict among the courts of appeals. *State ex rel. Manley v. Walsh*, 142 Ohio St.3d 384, 2014-Ohio-4563, 31 N.E.3d 608, ¶ 16, citing *Appenzeller v. Miller*, 136 Ohio St.3d 378, 2013-Ohio-3719, 996 N.E.2d 919, ¶ 4, and cases cited therein.

{¶ 10} None of these factors are mentioned in Scott's request for oral argument, and the case involves a straightforward application of the standards for a writ of mandamus and for summary judgment. Therefore, we deny the request.

**Motion to strike**

{¶ 11} Scott filed in the court of appeals a motion to strike several documents that Streetsboro attached to its response to Scott's motion for summary

judgment. Scott asserted that the city had not timely provided the documents in discovery and that it therefore should not be allowed to rely on them in opposing Scott's motion. The standard of review for the disposition of discovery issues is abuse of discretion. *See Toney v. Berkemer*, 6 Ohio St.3d 455, 458, 453 N.E.2d 700 (1983).

{¶ 12} Nearly six weeks after the discovery deadline, and 12 days after the city had received Scott's motion for summary judgment, Streetsboro sent Scott's attorney additional documentation responsive to Scott's discovery requests. In particular, the city produced (1) an audio recording of the June 8, 2009 public committee meeting related to Scott's appointment as acting mayor, (2) minutes of that meeting, (3) a transcript of part of that meeting, and (4) a city ordinance appointing a law director and a contract for the services of the law director and assistant law director. None of the documents had previously been provided to Scott.

{¶ 13} Streetsboro's brief in opposition to Scott's motion for summary judgment, filed only three days after the additional documents were sent by regular mail, relied on the documents. Scott moved the court of appeals to strike and disregard the documents and the arguments relying on them. The court of appeals failed to rule on the motion but relied on the documents in granting Streetsboro's motion for summary judgment.

{¶ 14} When a trial court fails to rule on a pretrial motion, it is assumed that the court overruled it. *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.*, 69 Ohio St.3d 217, 223, 631 N.E.2d 150 (1994).

{¶ 15} An order prohibiting the use of evidence is a permissible sanction for a party's failure to produce documents in discovery. *Ward v. Hester*, 36 Ohio St.2d 38, 40-41, 303 N.E.3d 861 (1973). Whether the failure to produce the documents was intentional or due to neglect is relatively unimportant when the failure has resulted in prejudice to the other party. *Huffman v. Hair Surgeon, Inc.*,

4

19 Ohio St.3d 83, 85-86, 482 N.E.2d 1248 (1985). However, the documentation of Scott's statements regarding his salary should not have come as a surprise to the person who made them. In any event, he could have asked for additional briefing or an extension of time if he needed more time to respond to Streetsboro's use of the documents in its argument.

{¶ 16} On the other hand, Streetsboro should have conducted a more thorough search for documents during discovery. The city claims that it did not discover the documents until it was drafting its response to Scott's motion for summary judgment and that it mailed the documents to him immediately after discovering them. The city also asserts that the documents "were public records available to any member of the public upon request." Scott *did* request the documents during discovery, but Streetsboro did not produce them "upon request" but rather, six weeks after the discovery deadline.

{¶ 17} However, cases should be decided on their merits using reliable and probative evidence whenever possible, and the rules of discovery give a trial court great latitude in deciding sanctions. *Nakoff v. Fairview Gen. Hosp.*, 75 Ohio St.3d 254, 662 N.E.2d 1 (1996), syllabus. Therefore, we discern no abuse of discretion in the court of appeals' failure to grant Scott's motion to strike the documents.

**Mandamus**

{¶ 18} To be entitled to a writ of mandamus, Scott must establish a clear legal right to the requested relief, a clear legal duty on the part of Streetsboro to provide it, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6. Scott must prove that he is entitled to the writ by clear and convincing evidence. *Id.* at ¶ 13. We apply an abuse-of-discretion standard when reviewing a lower court's decision to deny a writ of mandamus. *State ex rel. Mun. Constr. Equip. Operators' Labor Council v. Cleveland*, 141 Ohio St.3d 113, 2014-Ohio-4364, 22 N.E.3d 1040, ¶ 24.

**{¶ 19}** Scott argued in his amended petition that he is entitled to several types of relief. In the first count of his amended petition, he alleges that Streetsboro owes him compensation for unused vacation, sick, and personal leave. In the second count, he alleges that he was underpaid for his service as the elected mayor and that he should have been paid, but was not, for December 5, 2011, his last day in office. In the third count, Scott alleges that he was underpaid for his service as acting mayor.

**{¶ 20}** The court of appeals determined that a genuine issue of material fact existed only as to Scott's entitlement to pay for December 5, 2011. On all other issues, the court granted Streetsboro's motion for summary judgment.

**Count II**

**{¶ 21}** Examining the salary issues first, the court of appeals concluded that Scott had failed to prove that he was entitled to a higher salary than he was paid after his election. Scott asserted that under the Streetsboro Charter, the mayor is to be paid 1 percent more than the highest-paid department head, including the law director, as set at the beginning of each term. Scott claims that he was paid a salary of $74,328 but should have been paid $80,800—1 percent more than the highest-paid department head at the time he was elected mayor.

**{¶ 22}** However, Scott was elected to complete the term of the mayor who had resigned. Section 4.15 of the city charter allows for a resolution or ordinance to change the compensation of any employee but prohibits the mayor's salary from being changed after the start of a four-year mayoral term. Because Scott was completing a four-year term, Streetsboro had no obligation to reset his salary from that of the previous mayor. Therefore, we affirm the court of appeals' grant of summary judgment in favor of Streetsboro as to this count.

**Count III**

**{¶ 23}** Similarly, Scott claims that he is entitled to additional pay for his service as acting mayor. While Section 4.15 of the city charter provides that the

mayor's compensation may not be changed during his or her term, the charter does not specify the salary of an acting mayor. Therefore, Scott failed to establish a clear legal right to the additional pay. In any event, Scott waived any challenge to his salary as acting mayor by stating at a public council hearing that he would serve as acting mayor at his council member's salary and by agreeing to and signing the resolution to pay him at that salary. Therefore, we affirm the court of appeals' grant of summary judgment in favor of Streetsboro as to this count.

**Count I**

{¶ 24} The court below relied heavily on Streetsboro's employee handbook to grant the city's motion for summary judgment as to Scott's claim of entitlement to unused vacation, sick, and personal leave.

{¶ 25} Taking first the issue of Scott's entitlement to compensation for unused vacation leave, the court of appeals acknowledged that the city charter provides that the mayor is entitled to three weeks of vacation leave per year. But the court emphasized that the city's employee handbook states that vacation leave accrued in one calendar year is forfeited if not used by the end of the following calendar year.

{¶ 26} In the court of appeals, however, Scott submitted his pay stubs, including a final pay stub showing 13 days of unused vacation leave; a memo written by the former law director opining that none of Scott's unused vacation leave had been forfeited; and a newspaper article reporting a proposed charter amendment that would prohibit the mayor from carrying over more than one week of unused vacation leave each year. This evidence created a genuine issue of material fact as to Scott's entitlement to compensation for unused vacation leave. This issue therefore may not be resolved on summary judgment.

{¶ 27} The evidence before the court of appeals also created a genuine issue of material fact regarding Scott's entitlement to compensation for unused sick leave. Although the employee handbook indicates that elected officials are not

entitled to sick leave, the city charter provides that the mayor is entitled to a salary "with benefits." The term "benefits" is not defined in the charter, but Scott's pay stubs showed that he accrued sick leave while he was in office. This evidence raised a genuine issue of material fact; therefore, Scott's entitlement to compensation for unused sick leave cannot be determined on summary judgment.

{¶ 28} Similarly, the employee handbook and the charter are contradictory regarding the mayor's entitlement to personal leave. The handbook provides that personal leave "is available to fulltime employees only" and defines "fulltime employee" as an employee "whose appointment is not for a limited period of time." But the charter states that the mayor "shall serve fulltime." And Scott's pay stubs showed that he accrued personal leave while in office. Thus, the evidence before the court of appeals created a genuine issue of material fact as to Scott's entitlement to compensation for unused personal leave.

{¶ 29} Therefore, we reverse the court of appeals' grant of summary judgment in favor of Streetsboro as to Scott's entitlement to compensation for unused vacation, sick, and personal leave, and we remand for the court of appeals to hold an evidentiary hearing on these issues.

*Conclusion*

{¶ 30} We deny Scott's request for oral argument, and we conclude that the court of appeals did not abuse its discretion in effectively denying Scott's motion to strike. We also affirm the court of appeals' grant of Streetsboro's motion for summary judgment regarding Scott's entitlement to additional pay for his service as acting mayor and as the elected mayor of the city. However, we reverse the court of appeals' grant of Streetsboro's motion for summary judgment as to Scott's entitlement to compensation for unused vacation, sick, and personal leave, and we remand for the court of appeals to conduct an evidentiary hearing on these issues.

Judgment affirmed in part
and reversed in part.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Dennis M. Coyne Co., L.P.A., and Dennis M. Coyne; and McCarthy, Lebit, Crystal & Liffman Co., L.P.A., and Leslie E. Wargo, for appellant.

David M. Maistros, Law Director, City of Streetsboro, and Matthew J. Vazzana, Assistant Law Director, for appellee.

_____