[Cite as *State v. Brown*, 2017-Ohio-8315.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 105202**

---

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# JAMES N. BROWN

DEFENDANT-APPELLANT

---

## JUDGMENT:
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-16-603155-A

**BEFORE:** Stewart, J., Kilbane, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** October 26, 2017

**ATTORNEY FOR APPELLANT**

Mary Catherine Corrigan
4403 St. Clair Avenue
Cleveland, OH 44103


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

Kevin E. Bringman
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH 44113

MELODY J. STEWART, J.:

{¶1} Citing information supplied by an informant and drug-related items found in a trash pull, the police obtained a warrant to search the house of defendant-appellant James N. Brown. That search yielded evidence leading to Brown's being charged with counts of trafficking, drug possession, having a weapon while under disability, and possession of criminal tools. Brown filed a motion to suppress the evidence seized in the search on grounds that there was no probable cause to issue the search warrant. The court denied the motion to suppress and Brown pleaded no contest to all counts. Brown appealed, requesting that this appeal be placed on this court's accelerated calendar pursuant to App.R. 11.1 and Loc.App.R.11.1. By doing so, he has agreed that we may render a decision in "brief and conclusionary form" consistent with App.R. 11.1(E).

{¶2} The totality of the circumstances convince us that the court did not err by finding that the issuing magistrate had probable cause to conclude that there was a fair probability contraband or evidence of a crime would be found at Brown's residence. *State v. Jones*, 143 Ohio St.3d 266, 2015-Ohio-483, 37 N.E.3d 123, ¶ 13; *Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).

{¶3} The affidavit filed in support of the application for the search warrant stated that the affiant received information from a confidential informant with a previous record of providing corroborated information. The informant stated that a person named "JB" was selling marijuana out of a studio in the residence's basement. The affiant

determined that Brown, whose initials, age, and race matched those provided by the informant, possibly lived at the address. Brown's criminal background showed a history of drug trafficking and drug possession. The affiant conducted two "trash pulls" at the stated address and, on both occasions, found a number of plastic bag "tear offs" and burnt marijuana cigarettes and marijuana "debris." With respect to the plastic bag "tear offs," the affiant stated:

> [I]n his training and experience, marijuana and other narcotics are placed into the smaller sandwich style bags, and the drug trafficker tears and keeps the corner from the baggy containing the marijuana or narcotics, discarding the empty portion of the baggy into the trash. The smaller bags of marijuana or narcotics are now packaged for re-sale.

{¶4} The court found the affidavit "remarkably vague" in some respects; for example, that it did not assert that the person identified by the informant was selling drugs from the residence — the affidavit stated that "JB" was selling drugs in the city in which the residence was located. However, affidavits filed in support of warrant applications should not be considered hypertechnically, but in a practical, "common sense" manner to determine whether there is a fair probability that a search will uncover contraband or evidence of a crime. *See State v. George*, 45 Ohio St.3d 325, 544 N.E.2d 640 (1989), paragraph one of the syllabus. The affiant learned from the informant that JB "had a studio in his basement where people would sell and use marijuana as well." With the affidavit clearly stating that JB "lived at the residence" and sold drugs from there, a fair reading of the affidavit linked Brown to the drug activity allegedly being conducted at the residence.

**{¶5}** We likewise find that evidence discovered in the two trash pulls supplied probable cause to believe that a search of the premises would yield contraband or evidence of a crime. The affiant stated that he found plastic bags with torn corners. These indicated to the affiant that the bags were "indicative of individuals packaging drugs for re-sale."

**{¶6}** Brown argues that the informant's information went "stale" because the police waited up to one month after receiving the tip to search the contents of his trash for contraband or evidence of a crime. Probable cause must exist at the time the application for a warrant is made. *State v. Shropshire*, 8th Dist. Cuyahoga No. 103808, 2016-Ohio-7224, ¶ 25. There is no arbitrary time limit for when information offered to support a search warrant application becomes stale; instead, the information becomes stale "when enough time has elapsed such that there is no longer 'sufficient basis to believe * * * that the items to be seized are still on the premises.'" *United States v. Lacy*, 119 F.3d 742, 746 (9th Cir.1997), quoting *United States v. Gann*, 732 F.2d 714, 722 (9th Cir.1984). Although the trash pulls may have come as much as one month after the informant's tip, the trash pulls themselves yielded evidence indicative of drug trafficking. The warrant application was made just one day after the second trash pull, so the information used in support of the application was fresh.

**{¶7}** Brown next argues that the court erred by refusing to rule on his motion to require the state to reveal the identity of the confidential informant. When the trial court fails to rule on a pretrial motion, we assume that the court overruled the motion. *State ex*

*rel. Scott v. Streetsboro*, 150 Ohio St.3d 1, 2016-Ohio-3308, 78 N.E.3d 809, ¶ 14. Balancing Brown's interests in his right to confront and cross-examine his accuser against the public's interest in protecting the flow of information regarding criminal activity to the police, *State v. Williams*, 4 Ohio St.3d 74, 446 N.E.2d 779 (1983), syllabus, we find no error. Brown had the burden of establishing the need for disclosure, but failed to state a compelling reason why disclosure would be helpful. He argued that the search warrant "was based on nothing other than the word of [a] Confidential Reliable Informant[,]" but the warrant application contained evidence showing that the informant's tip had been verified to the satisfaction of the issuing magistrate with potential evidence of drug trafficking culled from the trash pulls.

{¶8} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, JUDGE

MARY EILEEN KILBANE, P.J., and
PATRICIA ANN BLACKMON, J., CONCUR