[Cite as *State v. Townsend*, 2019-Ohio-4336.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| STATE OF OHIO | | C.A. No. 29221 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| DARREN TOWNSEND | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. CR-2017-09-3326-A |

DECISION AND JOURNAL ENTRY

Dated: October 23, 2019

HENSAL, Judge.

{¶1}  Darren Townsend appeals his convictions and the denial of his motion to withdraw his plea in the Summit County Court of Common Pleas.  For the following reasons, this Court affirms.

I.

{¶2}  Shortly before closing argument during his jury trial, Mr. Townsend decided to plead guilty after reaching a plea deal with the State.  The trial court advised him of his rights, including his right to a trial, but did not specifically state that he had the right to a jury trial.  The court accepted Mr. Townsend's plea and sentenced him to a total of 14 years imprisonment.  Mr. Townsend subsequently moved to withdraw his plea, alleging that he was not in the right state of mind when he accepted the plea deal because his family had received a death threat.  He also appealed his convictions.  At the request of Mr. Townsend, this Court remanded the case to the

trial court so that it could rule on his motion to withdraw his plea.  Mr. Townsend has assigned two errors in his appellate brief.

## II.

## ASSIGNMENT OF ERROR I

APPELLANT'S PLEA WAS NOT KNOWINGLY, VOLUNTARILY, AND INTELLIGENTLY ENTERED BECAUSE THE TRIAL COURT FAILED TO ADVISE APPELLANT OF HIS RIGHT TO A TRIAL BY JURY.

**{¶3}**  Mr. Townsend argues that his plea was invalid because the trial court failed to advise him of all of his constitutional rights, specifically, his right to a jury trial.  Criminal Rule 11(C)(2)(c) provides that "the court * * * shall not accept a plea of guilty * * * without first addressing the defendant personally and * * * [i]nforming the defendant * * * that by the plea the defendant is waiving the right[ ] to [a] jury trial * * *."  The Ohio Supreme Court has held that a trial court "must strictly comply" with Rule 11(C)(2)(c).  *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, syllabus.  "We review whether the trial court strictly complied with Crim.R. 11(C)(2)(c) de novo."  *State v. Owens*, 9th Dist. Summit No. 25174, 2010-Ohio-4635, ¶ 7.

**{¶4}**  Regarding his right to a jury trial, the trial court told Mr. Townsend:  "Now, you are giving up your right to have a trial here today.  Do you understand that?"  The State notes that a trial court does not have to "provide a word-for-word recitation of the criminal rule, so long as the trial court actually explains the rights to the defendant."  *Veney* at ¶ 27.  According to the State, because Mr. Townsend's plea came during the third day of a jury trial, after the State and defense had called witnesses and the exhibits has been introduced, the trial court's reference to Mr. Townsend's "right to have a trial here today" sufficiently conveyed to Mr. Townsend that he would be giving up his right to a jury trial.  Mr. Townsend, on the other hand, notes that the Ohio Supreme Court has explained that, "[a]lthough the trial court may vary slightly from the

literal wording of the rule in the colloquy, the court cannot simply rely on other sources to convey these rights to the defendant." *Id*. at ¶ 29. He acknowledges that the Ohio Supreme Court has also held that "ambiguity during a Crim.R. 11 oral plea colloquy may be clarified by reference to other portions of the record, including the written plea." *State v. Barker*, 129 Ohio St.3d 472, 2011-Ohio-4130, paragraph two of the syllabus.

{¶5} In *State v. Benjamin*, 8th Dist. Cuyahoga No. 73017, 1998 WL 564037 (Sept. 3, 1998), the trial court told the defendant that he "[is] presumed innocent and you have the right to a trial. We're here for trial in your case." *Id*. at *2. The Eighth District Court of Appeals concluded that the court had "explained and referred to the right to a jury trial in a manner reasonably intelligible to the defendant." *Id*. at *3. It concluded that the court's statements made the defendant "aware and adequately informed of his right to a jury trial." *Id.*

{¶6} Similar to the statement of the court in *Benjamin*, the trial court told Mr. Townsend that he would be "giving up [his] right to have a trial here today." At the time of the trial court's statement, it was the afternoon of the third day of Mr. Townsend's jury trial. The parties had spent the entire morning of the first day selecting the jury. The State and Mr. Townsend had both rested, and the court was about to read the first part of the jury instructions before the parties made their closing arguments. Upon review of the totality of the circumstances, we conclude that the trial court's statement, together with the setting in which it was made, conveyed to Mr. Townsend in a reasonably intelligible manner his right to a jury trial. *State v. Ballard*, 66 Ohio St.2d 473 (1981), paragraph two of the syllabus; *Barker* at ¶ 26. We conclude that Mr. Townsend has not established that he did not knowingly, intelligently, and voluntarily waive his right to a jury trial because the trial court failed to strictly comply with Rule 11(C)(2)(c). Mr. Townsend's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO
WITHDRAW HIS PLEA WITHOUT A HEARING.

{¶7} Mr. Townsend also argues that the trial court incorrectly denied his motion to withdraw his guilty plea. He argues that his motion should be deemed denied because the trial court never ruled on it. According to Mr. Townsend, the trial court erred in denying his motion without a hearing. Criminal Rule 32.1 provides that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶8} "This court ordinarily holds that a motion that is still pending at the time of the final disposition of a case is presumed to have been denied." *State v. Romandetti*, 9th Dist. Summit No. 23388, 2007-Ohio-363, ¶ 7; *State ex rel. Scott v. Streetsboro*, 150 Ohio St.3d 1, 2016-Ohio-3308, ¶ 14. In this case, however, Mr. Townsend did not file his motion to withdraw until after the trial court entered its judgment. The fact that Mr. Townsend appealed the trial court's judgment before it ruled on his motion does not mean that we must presume the motion was denied. To the contrary, Mr. Townsend specifically requested that this Court stay his appeal and remand the matter to the trial court so that it could rule on the motion, which this Court allowed. According to Mr. Townsend, the trial court denied his motion on remand, but he has not moved to supplement the appellate record with its decision. He also acknowledged at oral argument that he has not filed a notice of appeal of the trial court's decision.

{¶9} Upon review of the record that is before this Court, we conclude that we are unable to reach the merits of Mr. Townsend's argument. Mr. Townsend's second assignment of error is overruled.

III.

**{¶10}** Mr. Townsend's assignments of error are overruled.  The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

TEODOSIO, P. J.
CARR, J.
CONCUR.

APPEARANCES:

JOSEPH C. PATITUCE, MEGAN M. PATITUCE, and CATHERINE R. MEEHAN, Attorneys at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO GUEST, Assistant Prosecuting Attorney, for Appellee.