[Cite as *State v. Marriott*, 2021-Ohio-1404.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                             :

    Plaintiff-Appellee,                  :

                                  No. 109339

    v.                                   :

PATRICIA L. MARRIOTT,                      :

    Defendant-Appellant.                 :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 22, 2021

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-18-634136-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Timothy R. Troup and Eben McNair, Assistant Prosecuting Attorneys, *for appellee.*

Russell S. Bensing, *for appellant.*

LISA B. FORBES, J.:

{¶ 1} Appellant, Patricia L. Marriott ("Marriott"), appeals her conviction and sentence to three years in prison for aggravated vehicular assault and driving

under the influence. After reviewing the pertinent law and facts of the case, we affirm.

## I. Facts and Procedural History

{¶ 2} Marriott was charged in a three-count indictment that alleged that she had driven intoxicated on October 26, 2018, when she struck two pedestrians while they were crossing the street. Those charges were: aggravated vehicular assault, a felony of the third degree in violation of R.C. 2903.08(A)(1)(a); assault, a misdemeanor of the first degree in violation of R.C. 2903.13(A); and driving under the influence, a misdemeanor of the first degree in violation of R.C. 4511.19(A)(1)(a).

{¶ 3} During the discovery phase of the case, Marriott sought introduction of a report created by Henry Lipian. Lipian is an accident reconstructionist, and his report concluded by stating:

> A normally alert driver of the age of Ms. Marriott and under the weather and road conditions that existed at the time could not have avoided the crash. The pedestrians moved into the path of the Volkswagon [sic] in a short distance and over such a short time period that even a normally alert driver was eliminated from being able to avoid the crash. The primary cause of this crash was pedestrian actions including the conclusion that neither was in the crosswalk at the time of the FCP (First Contact Point), they were not reasonably discernible and suddenly moved into the path of a vehicle that was close enough to constitute an immediate hazard.

{¶ 4} The state filed a motion in limine on September 10, 2020, seeking to exclude Lipian's testimony and the introduction of his report. In its motion, the state argued that the report imputed contributory negligence onto the victims of the accident and was therefore irrelevant and impermissible. The court granted the

state's motion in limine on September 20, 2019. Marriott filed a motion to reconsider the court's ruling on September 23, 2019, which was denied.

{¶ 5} On September 23, 2019, Marriott entered guilty pleas to one count of aggravated vehicular assault and one count of driving under the influence. The current appeal followed.

## II.  Law and Argument

{¶ 6} In Marriott's sole assignment of error, she argues that she received ineffective assistance of counsel when her trial counsel advised her to plead guilty instead of no contest. Marriott asserts that, as a result of pleading guilty, she forfeited her right to appeal the trial court's decision granting the state's motion in limine regarding Lipian's testimony and report.

{¶ 7} To succeed on a claim of ineffective assistance of counsel, a defendant must establish that his or her attorney's performance was deficient, and that the defendant was prejudiced by the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. Prejudice is demonstrated by showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The object of an ineffective assistance claim is not to grade counsel's performance. *Id.* at 697. *See also State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 3743 (1989).

**{¶ 8}** Marriott's contentions are without merit. Whether she entered a plea of guilty or no contest, the trial court's ruling on a motion in limine would not be reviewable. "'[T]he denial of a motion in limine does not preserve a claimed error for review in the absence of a contemporaneous objection at trial.'" *State v. Hancock*, 108 Ohio St.3d 57, 2006-Ohio-160, 840 N.E.2d 1032, ¶ 59, quoting *State v. Hill*, 75 Ohio St.3d 195, 203, 661 N.E.2d 1068 (1996). "[M]otions in limine do not preserve issues for appeal because they are tentative, preliminary rulings about an anticipated evidentiary issue and are subject to change during trial when the issue is presented in its full context." *Bohl v. Aluminum Co. of Am., Inc.*, 8th Dist. Cuyahoga No. 108584, 2020-Ohio-2824, ¶ 39, citing *State v. Grubb*, 28 Ohio St.3d 199, 203, 503 N.E.2d 142 (1986). Thus, a court's ruling on a motion in limine is only reviewable once the proponent of the evidence has attempted to present it at trial. *Orbit Elecs., Inc. v. Helm Instrument Co.*, 167 Ohio App.3d 301, 2006-Ohio-2317, 855 N.E.2d 91, ¶ 17 (8th Dist.). In other words, a ruling on a motion in limine is ordinarily not a final appealable order. *Liebe v. Admin.,* 8th Dist. Cuyahoga No. 100230, 2014-Ohio-1834, ¶ 9*.*

**{¶ 9}** Marriott claims on appeal that, had she been advised to enter a plea of no contest instead of guilty, this court would be able to review the trial court's ruling on the state's motion in limine; therefore, she argues she was prejudiced by her lawyer's ineffective advice. We disagree.

**{¶ 10}** Whether Marriott entered a plea of guilty or no contest would have no bearing on whether this court could review the trial court's interlocutory order

granting the state's motion in limine. Marriott did not go to trial. As a result, she never presented at trial the evidence that had been the subject of the state's motion in limine. The issue of the admissibility of Lipian's testimony and report was not preserved for appeal.

{¶ 11} Accordingly, Marriott cannot demonstrate prejudice and her sole assignment of error is without merit.

{¶ 12} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

LISA B. FORBES, JUDGE

ANITA LASTER MAYS, P.J., and
EILEEN A. GALLAGHER, J., CONCUR