[Cite as *State v. Marriott*, 2021-Ohio-2845.]

**[Please see vacated opinion at 2021-Ohio-1404.]**

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                                  :

    Plaintiff-Appellee,                 :

                                  No. 109339

    v.                                              :

PATRICIA L. MARRIOTT,                   :

    Defendant-Appellant.            :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** August 19, 2021

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-18-634136-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Timothy R. Troup and Eben McNair, Assistant Prosecuting Attorneys, *for appellee.*

Russell S. Bensing, *for appellant.*

ON RECONSIDERATION[1]

LISA B. FORBES, J.:

**{¶ 1}** Pursuant to App.R. 26(A)(1)(a), appellant, Patricia L. Marriott ("Marriott"), has filed an application for reconsideration of this court's opinion in *Marriott*, 8th Dist. Cuyahoga No. 109339, 2021-Ohio-1404.

**{¶ 2}** The general test regarding whether to grant a motion for reconsideration under App.R. 26(A)(1)(a) "is whether the motion for reconsideration calls to the attention of the court an obvious error in its decision or raises an issue for our consideration that was either not considered at all or was not fully considered by us when it should have been." *Matthews v. Matthews*, 5 Ohio App.3d 140, 143, 450 N.E.2d 278 (10th Dist.1982).

**{¶ 3}** Marriott's motion calls to the attention of this court a factual error in its decision. Accordingly, we grant the motion for reconsideration, vacate the earlier opinion, and issue this opinion in its place. *See* App.R. 22(C); *see also* S.Ct.Prac.R. 7.01.

**{¶ 4}** Marriott appeals her conviction and sentence to three years in prison for aggravated vehicular assault and driving under the influence. After reviewing the pertinent law and facts of the case, we affirm.

---

[1] The original announcement of decision *State v. Marriott*, 8th Dist. Cuyahoga No. 109339, 2021-Ohio-1404, released April 22, 2021, is hereby vacated. This opinion, issued upon reconsideration, is the court's journalized decision in this appeal. *See* App.R. 22(C); *see also* S.Ct.Prac.R. 7.01.

## I. Facts and Procedural History

{¶ 5} Marriott was charged in a three-count indictment that alleged that she had driven intoxicated on October 26, 2018, when she struck two pedestrians while they were crossing the street. Those charges were: aggravated vehicular assault, a felony of the third degree in violation of R.C. 2903.08(A)(1)(a); assault, a misdemeanor of the first degree in violation of R.C. 2903.13(A); and driving under the influence, a misdemeanor of the first degree in violation of R.C. 4511.19(A)(1)(a).

{¶ 6} During the discovery phase of the case, Marriott sought introduction of a report created by Henry Lipian. Lipian is an accident reconstructionist, and his report concluded by stating:

> A normally alert driver of the age of Ms. Marriott and under the weather and road conditions that existed at the time could not have avoided the crash. The pedestrians moved into the path of the Volkswagon [sic] in a short distance and over such a short time period that even a normally alert driver was eliminated from being able to avoid the crash. The primary cause of this crash was pedestrian actions including the conclusion that neither was in the crosswalk at the time of the FCP (First Contact Point), they were not reasonably discernible and suddenly moved into the path of a vehicle that was close enough to constitute an immediate hazard.

{¶ 7} The state filed a motion in limine on September 10, 2020, seeking to exclude Lipian's testimony and the introduction of his report. In its motion, the state argued that the report imputed contributory negligence onto the victims of the accident and was therefore irrelevant and impermissible. In a motion for reconsideration filed by Marriott on September 23, 2019, the day that she entered her guilty pleas, Marriott purports to seek reconsideration of what she perceived as the trial court's decision to grant the state's motion. At the outset of proceedings

that day, the transcript reveals that the trial court noted that several motions, including Marriott's motion for reconsideration, were pending. Marriott subsequently entered guilty pleas to one count of aggravated vehicular assault and one count of driving under the influence. At the time Marriott entered her guilty pleas, the court had not ruled on any of the pending motions. The trial court's docket is silent as to whether it ever ruled on the state's motion in limine or Marriott's motion for reconsideration. The current appeal followed.

## II. Law and Argument

{¶ 8} In Marriott's sole assignment of error, she argues that she received ineffective assistance of counsel when her trial counsel advised her to plead guilty instead of no contest. Marriott asserts that, as a result of pleading guilty, she forfeited her right to appeal the trial court's alleged decision granting the state's motion in limine regarding Lipian's testimony and report.

{¶ 9} A review of the docket shows that the trial court did not make a definitive ruling on either the state's motion in limine or Marriott's motion for reconsideration. It is well settled law in Ohio that "[a] court speaks through its docket and journal entries." *State v. Deal*, 8th Dist. Cuyahoga No. 88669, 2007-Ohio-5943, ¶ 54, citing *State v. Brooke*, 113 Ohio St.3d 199, 2007-Ohio-1533, 863 N.E.2d 1024.

{¶ 10} "When a trial court fails to rule on a pretrial motion, it is presumed that the court overruled it." *State ex rel. Scott v. Streetsboro*, 150 Ohio St.3d 1, 2016-Ohio-3308, 78 N.E.3d 809, ¶ 14, citing *State ex rel. Cassels v. Dayton City*

*School Dist. Bd. of Edn.,* 69 Ohio St.3d 217, 223, 631 N.E.2d 150 (1994). As there is no docket entry granting or denying the state's motion, we presume that it was denied for purposes of our review.

{¶ 11} To prevail on a claim of ineffective assistance of counsel, a defendant must establish that his or her attorney's performance was deficient, and that the defendant was prejudiced by the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. Prejudice is demonstrated by showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. *See also State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 3743 (1989).

{¶ 12} Marriott's argument that her trial counsel was ineffective is premised solely upon the assertion that the court granted the state's motion, and that she could have challenged that ruling had she pled no contest rather than guilty. This assertion is unsupported by the record. Because there was no ruling of record on the state's motion in limine, this court presumes the motion was denied. Consequently, Marriott has not demonstrated prejudice. Accordingly, we overrule her assignment of error.

{¶ 13} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LISA B. FORBES, JUDGE

ANITA LASTER MAYS, P.J., and
EILEEN A. GALLAGHER, J., CONCUR