[Cite as *State v. Brooks*, 2018-Ohio-2210.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
JACKSON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 17CA3 |
| Plaintiff-Appellee, | : | |
| v. | : | DECISION AND JUDGMENT ENTRY |
| PERRY BROOKS, | : | |
| | | **RELEASED: 06/05/2018** |
| Defendant-Appellant. | : | |

APPEARANCES:

Timothy Young, Ohio Public Defender, and Allen Vender, Ohio Assistant Public Defender, Columbus, Ohio, for appellant.

Justin Lovett, Jackson County Prosecuting Attorney, and Nick Wille, Jackson County Assistant Prosecuting Attorney, Jackson, Ohio, for appellee.

Harsha, J.

{¶1} On May 17, 2016, Perry Brooks was arrested and jailed on drug charges. His jury trial did not occur until almost a year later on May 11, 2017. Brooks asserts that the trial court erred by failing to grant his motion to dismiss the charges based on the denial of his statutory right to a speedy trial. We agree. Brooks established a prima facie speedy-trial violation, but the record does not affirmatively demonstrate that the court's next-to-last continuance of the trial date was reasonable in both purpose and length.

{¶2} We sustain his assignment of error, reverse the judgment, and remand with instructions to vacate the convictions and discharge him.

I. FACTS[1]

---

[1] Because this appeal concerns a challenge to Ohio's statutory speedy trial requirements, we provide a detailed statement of dates and procedures.

{¶3}   On May 17, 2016, Ohio State Trooper Atwood pulled over Perry Brooks for two traffic infractions. After Brooks advised the trooper that his driver's license was suspended, Atwood asked Brooks to step out of the vehicle.  As Brooks started to comply, the trooper spotted a sandwich bag containing what appeared to be crack cocaine on the driver's floorboard near his feet.  He then arrested Brooks, who admitted that the bag contained 190 grams of drugs, and took him to jail.  A crime lab later determined that it tested positive for 191.863 grams of crack cocaine.  The trooper filed complaints in the Jackson County Municipal Court charging Brooks with trafficking in and possessing cocaine.  After a preliminary hearing, the court bound him over to the Jackson County Court of Common Pleas.

{¶4}   On July 12, 2016, the Jackson County Grand Jury returned an indictment charging Brooks with one count of possessing cocaine and one count of trafficking cocaine in an amount exceeding 100 grams, both felonies of the first degree, and a major-drug-offender specification.  Brooks entered a plea of not guilty to the charges at his arraignment on July 20, 2016.  Brooks and the state represented to the common pleas court that he had been in jail since his May 17 arrest, i.e., around 60 days.  The state advised that the deadline for Brooks to stand trial "looks like the middle of next month," i.e. mid-August 2016.

{¶5}   By entry filed July 21, 2016, the trial court appointed an attorney to represent Brooks and continued his $150,000 full surety bond from municipal court. The court set an August 4 trial date.  On July 25, Brooks filed a demand for discovery and a request for a bill of particulars.  Brooks also filed a motion to continue the August 4 trial date and to waive the speedy-trial time because he needed "time to investigate

this matter and time to file any motions that may be proper and necessary, including but not limited to a suppression motion challenging the probable cause for the traffic stop." On August 3, 2016, the state responded to Brooks's demand for discovery and filed a bill of particulars. On the same date the trial court granted Brooks's motion and continued the trial from August 4 to September 29, 2016, noting in its entry that Brooks waived time during the period of the continuance.

{¶6} On September 2, Brooks filed a motion to suppress the evidence seized as a result of the search of the automobile after the traffic stop. After conducting a hearing on the motion, the trial court denied it on September 26.

{¶7} On September 29, 2016, the date scheduled for trial, Brooks sought to represent himself because he felt that his court-appointed attorney was not effective and had refused to show him the evidence. The trial court decided not to proceed with the trial, and Brooks agreed to the appointment of new counsel. Based on his request for new counsel, the trial court tolled the speedy-trial time. On October 4, 2016, the trial court appointed new counsel for Brooks. On October 25, Brooks's new counsel filed a motion for leave to refile the motion to suppress and a request to review the evidence that was the subject of the prior suppression hearing.

{¶8} At a final pretrial hearing on October 31, 2016, new counsel raised the issue of whether a DVD he had of the traffic stop was the same as the DVD introduced in evidence at the suppression hearing. The purported conflict was the basis for his request to review the DVD in the court's possession. The trial court noted that it would deny Brooks's request to refile a suppression motion, unless he could point to a discrepancy in the DVDs or CDs.

**{¶9}** The trial court then discussed arranging a time for Brooks and his new counsel to view the DVD/CD in the upcoming few days:

> JUDGE:  And then Mr. Nash, if you get with Court Staff, we can make arrangements for you to view that CD.
>
> ATTORNEY NASH:  Can that be at a time that Mr. Brooks is here as well?
>
> JUDGE:  Uh… Mr. Brooks, where are they keepin' 'ya?
>
> DEFENDANT:  Right across the street.
>
> JUDGE:  Okay.  Then, if you want to make arrangements about when you can come up, we'll make… I'm trying to think… we're full every day. Wednesday or Thursday the Magistrate's Courtroom may be available, but I guess we can… no, there's not a way to view it up there.
>
> APA STORY:  If you want to bring a laptop we could make a space available for him in our office.  Um… the back office would be a private setting for him and his client.

**{¶10}** The trial court then asked the state whether it had a plea offer to resolve the case, and the state noted that it had offered to drop the major-drug-offender specification and recommend that Brooks serve nine years in prison.  Brooks's counsel noted that Brooks did not want to accept the plea offer and "[w]hat he really wants to do before he accepts, or denies anything, is to review that DVD."  The trial court stated that it would give Brooks 14 days to accept or reject the state's plea offer.  Finally, upon Brooks's request, the trial court ordered the state to notify Brooks in seven days whether body camera footage existed of the traffic stop and arrest.

**{¶11}** On November 9, 2016, the trial court issued a pretrial order reflecting its October 31 actions: (1) ordering Brooks to notify the court within 14 days, in writing, whether he accepts or rejects the state's plea offer; and (2) ordering the state to provide highway patrol body camera video, if it exists, within seven days.  Five days later, the

state responded that the highway patrol did not use body cameras, but it did use dash/cruiser cameras; the state mailed a DVD of the dash/cruiser video and discovery documents to Brooks's new counsel.  There is no written response from Brooks to the state's plea offer in the record.

{¶12}  A December 6, 2016 notice issued by the court's assignment commissioner rescheduled the two-day jury trial from September 29 and 30, 2016 to February 16 and 17, 2017.  The trial court did not issue an entry stating whether the speedy-trial time was tolled or the reason for the delay.

{¶13}  In the meantime on December 23, 2016, the Supreme Court of Ohio in *State v. Gonzales*, 150 Ohio St.3d 261, 2016 -Ohio- 8319, 81 N.E.3d 405 ("*Gonzales I*"), held that in prosecuting cocaine-possession offenses under R.C. 2925.11(C)(4)(b) through (f) involving mixed substances, the state must prove that the weight of the actual cocaine, excluding the weight of any filler materials, meets the statutory threshold.  The state applied for reconsideration of that judgment on January 3, 2017.

{¶14}  On January 27, 2017, the Jackson County Prosecutor's Office filed a motion for a continuance of the February 16-17 trial pending the Supreme Court's reconsideration of *Gonzales I*.  The state claimed that the request was reasonable and tolled the speedy-trial time because of the "far-ranging effect of the *Gonzales* holding on effective prosecutions of cocaine possession and trafficking, the extremely limited and expensive availability of labs performing the testing now required, and the possibility that the Supreme Court, on reconsideration, will reverse itself within a relatively short time."  And in the event that the Supreme Court did not reconsider and vacate its decision in *Gonzales I*, the state contended it would need additional time for testing that

comported with that decision to effectively prosecute Brooks.  Brooks objected to the state's request for a continuance of the jury trial based on statutory speedy-trial requirements.

{¶15}  By a February 21, 2017 pretrial order, the trial court granted the state a 60-day continuance of the trial date, which it determined to be reasonable for speedy-trial purposes.  The court scheduled the matter for jury trial on May 11 and 12, 2017. The court explicitly stated in its entry that "[t]he trial date is the first available time due to the Court's docket."

{¶16}  On March 6, 2017, the Supreme Court of Ohio vacated its decision in *Gonzales I* and held that "the entire compound, mixture, preparation, or substance,' including any fillers that are part of the usable drug, must be considered for the purpose of determining the appropriate penalty for cocaine possession under R.C. 2925.11(C)(4)."  *State v. Gonzales*, 150 Ohio St.3d 276, 2017 -Ohio- 777, 81 N.E.3d 419 ("*Gonzales II*").  That same day, the state filed a notice in the trial court of the Supreme Court's grant of reconsideration and reversal of *Gonzales I*.  It also withdrew the balance of any requested continuance.

{¶17}  On May 11, the first day of the rescheduled jury trial, Brooks filed a motion to dismiss the charges because of the violation of his statutory right to a speedy trial. He claimed that because he had been arrested on May 17, 2016 and held in jail since then, his trial should have occurred within 90 days thereafter, but that instead he was being tried nearly a year after he was arrested and jailed.  More specifically, Brooks claimed that by November 9, 2016, all of his new counsel's pending motions had been

resolved, but his trial did not begin until May 11, 2017. The state did not file a response to the motion, nor did the trial court issue a ruling on it.

**{¶18}** On May 11 and 12, 2017, the trial court finally held the scheduled trial. Upon deliberation the jury returned verdicts finding Brooks guilty of possession of cocaine, trafficking in cocaine, and the major-drug-offender specification accompanying the trafficking count. The trial court merged the counts for purposes of sentencing, and upon the state's election, sentenced Brooks to an 11-year mandatory prison term on the trafficking charge and the major-drug-offender specification, and a mandatory post-release control period.

## II. ASSIGNMENT OF ERROR

**{¶19}** Brooks assigns the following error for our review:

THE TRIAL COURT ERRED BY FAILING TO DISMISS PERRY BROOKS'S CASE FOR DENIAL OF A SPEEDY TRIAL UNDER R.C. 2945.71 AND 2945.73. *STATE V. BUTCHER*, 27 OHIO ST.3D 28, 500 N.E.2D 1368 (1986); *STATE V. WHITT*, 4TH DIST. SCIOTO NO. 04CA2962, 2005-OHIO-5154.

## III. STANDARD OF REVIEW

**{¶20}** Based on Ohio's statutory speedy-trial provisions, Brooks contests the trial court's failure to grant his motion to dismiss the charges against him. Because the trial court failed to rule on the pretrial motion we presume the court overruled it. *State ex rel. Scott v. Streetsboro*, 150 Ohio St.3d 1, 2016-Ohio-3308, 78 N.E.3d 809, ¶ 14 ("When a trial court fails to rule on a pretrial motion, it is presumed that the court overruled it").

**{¶21}** "Appellate review of a trial court's decision on a motion to dismiss for a violation of the speedy trial requirements presents a mixed question of law and fact." *State v. Spencer*, 2017-Ohio-456, 84 N.E.3d 106, ¶ 16 (4th Dist.); *State v. Baugh*, 5th

Dist. Tuscarawas No. 2017AP030007, 2018-Ohio-857, ¶ 71. "Thus, appellate courts will defer to a trial court's findings of fact as long as competent, credible evidence supports them." *Spencer* at ¶ 16, citing *State v. Brown*, 131 Ohio App.3d 387. 391, 722 N.E.2d 594 (4th Dist.1998). "Appellate courts then independently determine whether the trial court properly applied the law to the facts." *Spencer* at ¶ 16. And when reviewing the legal issues in a speedy trial claim, we must strictly construe the statutes against the state. *See Brecksville v. Cook*, 75 Ohio St.3d 53, 57, 661 N.E.2d 706 (1996); *Spencer* at ¶ 16; *State v. Deacy*, 2d Dist. Montgomery No. 27408, 2017-Ohio-8102, ¶ 75.

**{¶22}** Because the trial court effectively overruled the motion without issuing any decision, the record does not include any findings of fact. Thus, we are free to make an independent factual review.

IV. LAW AND ANALYSIS

Statutory Speedy Trial Claim

**{¶23}** The Sixth Amendment to the United States Constitution (which is made applicable to the states through the Due Process Clause of the Fourteenth Amendment) and Article I, Section 10 of the Ohio Constitution guarantee a criminal defendant the right to a speedy trial; this guarantee is implemented by R.C. 2945.71, which provides specific statutory time limits within which a person must be brought to trial. *State v. Blackburn*, 118 Ohio St.3d 163, 2008-Ohio-1823, 887 N.E.2d 319, ¶ 10. R.C. 2945.71(C)(2) "requires that a person against whom a felony charge is pending shall be brought to trial within 270 days after the person's arrest." *State v. Adams*, 144 Ohio St.3d 429, 2015-Ohio-3954, 45 N.E.3d 127, ¶ 81. "For purposes of calculating speedy-

trial time, 'each day during which the accused is held in lieu of bail on the pending charge shall be counted as three days.' " *State v. Ramey*, 132 Ohio St.3d 309, 2012-Ohio-2904, 971 N.E.2d 937, ¶ 15, quoting R.C. 2945.71(E). "Thus, subject to certain tolling events, a jailed defendant must be tried within 90 days." *Id.*

**{¶24}** Brooks was arrested and jailed on May 17, 2016, and his trial commenced almost a year later, i.e., more than 350 days, on May 11, 2017. Because this exceeded the 90-day period, Brooks presented a prima facie speedy-trial violation. *State v. Smith*, 4th Dist. Lawrence No. 16CA10, 2017-Ohio-7864, ¶ 21, citing *State v. Squillace*, 10th Dist. Franklin No. 15AP-958, 2016-Ohio-1038, ¶ 14. Once a defendant establishes a prima facie case for dismissal, the burden shifts to the state to prove that the time was sufficiently tolled to extend the period. *Smith* at ¶ 21, citing *Squillace* and *State v. Anderson*, 4th Dist. Scioto No. 15CA3696, 2016-Ohio-7252, ¶ 19.

**{¶25}** "R.C. 2945.72 contains an exhaustive list of events and circumstances that extend the time within which a defendant must be brought to trial." *Ramey* at ¶ 24. The pertinent tolling provisions in this case are R.C. 2945.72(E) ("Any period of delay necessitated by reason of a * * * motion, proceeding, or action made or instituted by the accused") and (H) ("The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion").

**{¶26}** The parties agree that the 67 days that Brooks spent in jail from the day following his May 17, 2016 arrest,[2] until the day before Brooks's first appointed counsel

---

[2] "The day of arrest does not count when computing speedy-trial time." *Adams*, 144 Ohio St.3d 429, 2015-Ohio-3954, 45 N.E.3d 127, at fn. 7.

filed a demand for discovery and request for a bill of particulars on July 25, 2016, are charged against the 90-day speedy trial period.

**{¶27}** The parties also agree that the period from July 25, 2016 until November 9, 2016 was tolled for three reasons: (1) Brooks's demand for discovery and request for a bill or particulars, *State v. Brown*, 98 Ohio St.3d 121, 2002-Ohio-7040, 781 N.E.2d 159, syllabus (a demand for discovery or a bill of particulars constitutes a tolling event under R.C. 2945.72(E)), (2) the trial court's grant of Brooks's motion for a continuance of the trial, *see Smith*, 2017-Ohio-7864, at ¶ 26 ("R.C. 2945.72(H) tolls the time for 'any continuance granted on the accused's own motion' "), and (3) Brooks's request for the appointment of new counsel and his new counsel's filing of additional motions. *Id.* at ¶ 28 (days between when motion to withdraw as counsel and the appointment of new counsel tolled the speedy-trial period).

**{¶28}** However, after November 9, 2016, the date that Brooks claimed all of his new counsel's pending motions and requests were resolved, the parties disagree about the tolling of any of the remaining period up to May 11, 2017, when trial began.

**{¶29}** The state argues that the entire time between the original September 29, 2016 trial date and the rescheduled date of February 16, 2017 must be tolled because: (1) the September 29 trial was rescheduled in light of Brooks's request for a new attorney on that date; (2) on October 31, 2016, Brooks's new counsel requested that he and Brooks view the DVD submitted into evidence at the suppression hearing to determine whether to refile a suppression motion, or to accept the state's plea offer; and (3) February 16, 2017 was the next available trial date, as the court noted at the October 31 pretrial hearing that its schedule was "full every day."

**{¶30}** Brooks concedes that his request for a new attorney and his new counsel's filings tolled the speedy-trial time until he was appointed new counsel and his new counsel's filings were resolved, which occurred on November 9. We agree because these actions by the defendant necessitated a delay and tolled the time under R.C. 2945.72(E).

**{¶31}** Moreover, we agree with the state that the brief delay caused by Brooks's October 31 request to view the previously submitted DVD evidence and to determine whether to accept the state's plea offer was a delay attributable to the accused's actions. But the trial court's November 9, 2016 entry ordered Brooks to notify the court in writing within 14 days of his decision whether to accept the state's plea offer. Therefore, by November 23, when no written notification appears on the record, the trial court would have been ready to proceed the next business day thereafter, i.e., the day after Thanksgiving, on Friday, November 25, 2016. Thus, we are persuaded that the speedy-trial period began to run again on that date.

**{¶32}** On December 6, 2016, the court's assignment commissioner filed a notice rescheduling the trial to February 16, 2017. However, the trial court did not provide any journal entry noting this continuance and the reasons for it. In general, "[w]hen sua sponte granting a continuance under R.C. 2945.72(H), the trial court must enter the order of continuance and the reasons therefor by journal entry prior to the expiration of the time limit prescribed in R.C. 2945.71 for bringing a defendant to trial." *State v. Mincy*, 2 Ohio St.3d 6, 441 N.E.2d 571 (1982), syllabus. Clearly, the trial court's continuance on December 6, 2016 of the trial from September 29, 2016 until February 16, 2017, did not comply with *Mincy*.

**{¶33}** Nevertheless, the state cites an exception to the *Mincy* rule that provides that "an appellate court may affirm a conviction challenged on speedy-trial grounds even if the trial court did not expressly enumerate any reasons justifying the delay when the reasonableness of the continuance is otherwise affirmatively demonstrated by the record." *Ramey*, 132 Ohio St.3d 309, 2012-Ohio-2904, 971 N.E.2d 937, at ¶ 33. The state argues that after the September 29 trial was postponed because of Brooks's request for new counsel, the record affirmatively demonstrates that the next available trial dates were February 16 and 17, 2017, based on the trial court's statement at the October 31, 2016 pretrial hearing that "we're full every day."

**{¶34}** We disagree. The state takes this response by the trial court out of its limited context, which was a reply to making arrangements in the upcoming few days for Brooks and his new counsel to view the DVD/CD admitted into evidence at the suppression hearing. In that response the trial court noted that the magistrate's courtroom was available that same week, but it lacked the equipment for people to view the DVD/CD. The trial court did not state, and the record does not otherwise affirmatively demonstrate, that the court could not schedule a new trial date in the period starting from November 25, 2016 (the date after the deadline for Brooks to notify the court in writing of whether he accepted the state's plea offer and one day after Thanksgiving) to February 16, 2017 (the date the court rescheduled the trial by notice on December 6, 2016). In this regard the court's continuance of the trial to February 16, 2017 differs from its continuance of the trial from February 16, 2017 to May 11, 2017, where the court expressly stated in its entry that "[t]he trial date is the first available time due to the Court's docket."

**{¶35}** The state also relies on the following language from our decision in *Smith*, 2017-Ohio-7864, at ¶ 29 to assert that the entire time from September 29, 2016 until February 16, 2017 tolled the speedy-trial time:

> Although counsel's motion to withdraw was not an explicit request for a continuance, it necessitated the cancellation of the December 7 scheduled trial and the rescheduling to a later date. *Where a trial court must reschedule a trial because of a motion of the accused, regardless of whether it is styled as a motion for a continuance, the entire time between the motion and the rescheduled trial date is a delay is attributable to a motion filed by the accused under R.C. 2945.72(E).*

(Emphasis added.)

**{¶36}** Again, the state is lifting language out of the context in which it was presented. In *Smith* at ¶ 31 we emphasized that any continuance warranting a rescheduled trial must be reasonable in both purpose and length for speedy-trial purposes, and that the peculiar circumstances of that case—including the defendant's statement that he did not care how long it took for his new counsel to prepare for trial— justified the tolling of the speedy-trial time for the entire period of the continuance for the rescheduled trial:

> The reasonableness of the continuance from the December 7, 2015 (date that Smith's new counsel was appointed), until February 4, 2016 (when the trial commenced) is affirmatively demonstrated by the record. At the proceeding on the motion to withdraw, Smith noted that an attorney could not prepare his case in a week and that he was dissatisfied with his first attorney because counsel had not filed motions he had requested. When the trial court advised him that it would take time for his new lawyer to be prepared to represent him at trial, Smith specifically stated that he did "not care how long it takes." Smith appeared to acquiesce in the trial court's statement that it would take six or seven weeks to reschedule his trial. In fact, in substitute counsel's motion for extraordinary fees, which the trial court granted, he represented that these additional fees were warranted "[d]ue to the amount of time necessary to prepare for a trial with such serious charges along with the fact that extra time was necessary to investigate this matter [and] extra time was necessary to prepare this case for trial." * * * Under these circumstances the record affirmatively

demonstrates that the continuance of the trial from the date of the appointment of new counsel until the rescheduled trial was reasonable in both purpose and length. *See Ramey* at ¶ 33; *State v. Carr*, 4th Dist. Ross No. 12CA3358, 2013-Ohio-5312, ¶ 31.

**{¶37}** There was no similar acquiescence by Brooks here to the trial court's continuance of the trial date to February 16, 2017. Consequently, the state's reliance on *Smith* is misplaced.

**{¶38}** Because the record does not affirmatively demonstrate that rescheduling the trial to February 16, 2017 was reasonable in either purpose or length, we find that the speedy-trial time was not tolled beginning November 25, 2016. Thus, the 90-day trial deadline would have expired by Monday, December 19, 2016 at the latest.

**{¶39}** Because the trial court did not conduct a trial for Brooks within the applicable 90-day speedy-trial period, it erred by failing to dismiss the charges. Thus, we need not address the state's claim that the additional continuance granted by the trial court pending the Supreme Court's reconsideration of *Gonzales I* tolled the speedy-trial time. It had already expired. We sustain Brooks's assignment of error.

V. CONCLUSION

**{¶40}** After Brooks established a prima facie case of a speedy-trial violation, the state failed to meet its burden to establish that the time was tolled to extend the period to the date that Brooks was tried. Having sustained Brooks's assignment of error, we reverse the judgment of the trial court and remand the cause to that court with instructions to vacate his convictions and discharge him.

JUDGMENT REVERSED

AND CAUSE REMANDED.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS REVERSED and that the CAUSE IS REMANDED.  Appellee shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Jackson County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Hoover, P.J. & Abele, J.: Concur in Judgment and Opinion.

For the Court

BY: _____
     William H. Harsha, Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**