[Cite as *State v. Smith*, 2023-Ohio-1504.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

STATE OF OHIO,                         :

    Plaintiff-Appellant,               :  Case No.  22CA21

    v.                                 :

CULLEY G. SMITH,                       :  DECISION AND JUDGMENT ENTRY

    Defendant-Appellee.                :

_____

APPEARANCES:

Carrie L. Charles, Ross County Assistant Prosecuting Attorney, Chillicothe, Ohio, for appellant.

Max Hersch, Assistant State Public Defender, Columbus, Ohio, for appellee.

_____
CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED:5-1-23
ABELE, J.

{¶1} This is an appeal from a Ross County Common Pleas Court judgment that granted a motion to dismiss an indictment based upon the failure to bring Culley Smith, defendant below and appellee herein, to trial within the statutory speedy-trial time frame.

{¶2} The State of Ohio, plaintiff below and appellant herein, assigns the following errors for review:

FIRST ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED WHEN IT GRANTED
APPELLEE'S MOTION TO DISMISS BY RULING TIME
WAS NOT TOLLED PURSUANT TO R.C. 2945.71 FROM
APRIL 12, 2021 UNTIL SEPTEMBER 24, 2021."

SECOND ASSIGNMENT OF ERROR:

"THE TRIAL COURT'S DECISION GRANTING
APPELLEE'S MOTION TO DISMISS WAS NOT
SUPPORTED BY COMPETENT, CREDIBLE EVIDENCE."

{¶3} The present appeal concerns appellee's right to a speedy trial. On March 6, 2020, a Ross County Grand Jury returned an indictment that charged appellee with three counts of aggravated vehicular assault, in violation of R.C. 2903.08. Appellee's arrests occurred on March 21, 2020, and his release on his own recognizance on March 23, 2020. The trial court later scheduled the matter for a November 17, 2020 jury trial.

{¶4} On October 28, 2020, appellant filed a motion to continue the trial. On February 4, 2021, the trial court granted the motion to continue the trial and scheduled the matter for an April 13, 2021 jury trial. The court also noted that speedy-trial time would be tolled.

{¶5} On April 12, 2021, the trial court visiting judge recused himself from the case and vacated the April 13, 2021 trial date. The court stated that "Defendant's speedy trial deadline is tolled by a previous entry." This document bears a

stamp that indicates "filed with the judge of the Ross County Common Pleas Court."

**{¶6}** On August 20, 2021, the Ohio Supreme Court assigned a second visiting judge to preside over the case. On August 23, 2021, the court scheduled a September 24, 2021 status conference. On September 24, 2021, the trial court issued an order and noted that the parties discussed whether the April to September 2021 delay posed a speedy-trial issue and gave appellee an opportunity to file a motion to dismiss. The court's entry stated that the April 12, 2021 entry had been "received but not filed on April 12, 2021." Additionally, on September 27, 2021, the second visiting judge noted that he had a conflict that required recusal and ordered the court administrator to contact the Ohio Supreme Court to appoint a new judge.

**{¶7}** On October 8, 2021, appellee filed a motion to dismiss and asserted that the first visiting judge did not file the entry of recusal with the clerk's office and the entry was not "filed or docketed with the Court in any manner." He also asserted that 167 speedy-trial days elapsed through April 2021, but the days that have since elapsed should not be excluded from the speedy-trial date count. Appellee contended that, before

the April 2021 status conference, his trial counsel learned that the first visiting judge planned to recuse himself and the status conference and jury trial would not occur as scheduled. Appellee argued that neither the court nor the state took further action until the second visiting judge held a September 24,2021 status conference. Appellee claimed "nothing [was] docketed, signed, journalized, or filed in this matter until September 2021, well outside the time limits of speedy trial."

{¶8} Appellant, however, asserted that the first visiting judge prepared an entry and placed it in the file, but it may not have been properly docketed due to an internal office error. The state nonetheless argued that the speedy-trial clock remained tolled due to the absence of a judge to preside over the case because it had no "practical ability" to bring appellee to trial until a new judge had been assigned.

{¶9} In his response brief, appellee continued to assert that the first visiting judge's April 12, 2021 entry had not been filed until five months after the fact.

{¶10} On April 4, 2022, the Ohio Supreme Court assigned a third visiting judge to hear the case. On June 21, 2022, the court granted appellee's motion to dismiss the indictment. The court found that the indictment was filed on March 6, 2020, the

defendant arraigned on March 23, 2020, the case set for trial on April 13, 2021, then on April 12, 2021 the judge recused himself and vacated the trial date. The court found, however, that the April 12, 2021

> entry was not filed or docketed in any manner until nearly five months later. There is no reason given in the entry for the continuance aside from the retirement of the assigned Judge. There is no mention of the reasonableness of the continuance. There is no mention of any of the tolling provisions of R.C. 2945.72, no mention of speedy trial whatsoever.

The court found that the first visiting judge "failed to enter an order of continuance and the reason therefor by journal entry prior to the expiration of the time limit prescribed by R.C. 2945.71" in accordance with *State v. Mincy*, 2 Ohio St.3d 6, 441 N.E.2d 571 (1982), and *State v. King*, 70 Ohio St.3d 158, 637 N.E.2d 903 (1994) and dismissed the indictment. This appeal followed.

A

{¶11} For ease of discussion, we combine our review of appellant's two assignments of error. Appellant asserts that the trial court incorrectly concluded that the speedy-trial time period had not been extended between April 13, 2021 and September 24, 2021. Appellant asserts that on April 12, 2021, the first visiting judge filed an entry to indicate that he

recused himself from the matter, vacated the April 13, 2021 trial date, and stated that the speedy-trial clock remained tolled. Appellant further points out that the April 12, 2021 entry's stamp states that the entry was "filed with the judge of the Ross County Common Pleas Court" and "acknowledges same had not been docketed with the Clerk of Courts." Appellant nevertheless contends that the court's entry properly extended the speedy-trial time period.

{¶12} Appellee, on the other hand, asserts that the April 12, 2021 entry did not extend the speedy-trial time period because it had not been docketed until five months later. Appellee contends that, even if the court timely prepared the entry, the clerk had not docketed the entry before the speedy-trial deadline expired.

B

{¶13} "Review of a speedy-trial claim involves a mixed question of law and fact. Therefore, we defer to the trial court's factual findings if they are supported by competent, credible evidence, but we review the application of the law to those facts de novo." *State v. Long*, 163 Ohio St.3d 179, 2020-Ohio-5363, 168 N.E.3d 1163, ¶ 15; *accord State v. Howerton*, 4th Dist. Lawrence No. 20CA2, 2021-Ohio-913, ¶ 11; *State v. Spencer*,

2017-Ohio-456, 84 N.E.3d 106, ¶ 16 (4th Dist.); *State v. Brooks*, 2018-Ohio-2210, 114 N.E.3d 220, ¶ 21 (4th Dist.).

C

**{¶14}** Criminal defendants are guaranteed the right to a speedy trial under the Ohio and United States Constitutions. Sixth Amendment to the U.S. Constitution (an "accused shall enjoy the right to a speedy and public trial"); Ohio Constitution, Article I, Section 10 (an accused has the right to "a speedy public trial by an impartial jury"). The speedy-trial guarantee "minimize[s] the possibility of lengthy incarceration prior to trial," "reduce[s] the lesser, but nevertheless substantial, impairment of liberty imposed on an accused while released on bail," and "shorten[s] the disruption of life caused by arrest and the presence of unresolved criminal charges." *United States v. MacDonald*, 456 U.S. 1, 8, 102 S.Ct. 1497, 71 L.Ed.2d 696 (1982); *accord State v. Triplett*, 78 Ohio St.3d 566, 568, 679 N.E.2d 290 (1997).

**{¶15}** Ohio's speedy trial provisions, R.C. 2945.71 to 2945.73, "constitute a rational effort to enforce the constitutional right to a public speedy trial of an accused charged with the commission of a felony or a misdemeanor." *State v. Pachay*, 64 Ohio St.2d 218, 416 N.E.2d 589 (1980),

syllabus; *accord State v. Martin*, 156 Ohio St.3d 503, 2019-Ohio-2010, 129 N.E.3d 437, ¶ 15; *State v. Parker*, 113 Ohio St.3d 207, 2007-Ohio-1534, 863 N.E.2d 1032, ¶ 11; *Brecksville v. Cook*, 75 Ohio St.3d 53, 55, 661 N.E.2d 706 (1996); *see Barker v. Wingo*, 407 U.S. 514, 523, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972) (states "are free to prescribe a reasonable period consistent with constitutional standards").  To that end, R.C. 2945.71 designates specific time requirements for the state to try an accused.  *State v. Hughes*, 86 Ohio St.3d 424, 425, 715 N.E.2d 540 (1999).  As relevant in the case at bar, R.C. 2945.71(C)(2) requires a person accused of a felony to be brought to trial within 270 days of the individual's arrest.

{¶16} Generally, the 270-day speedy trial time period clock begins the day after a defendant's arrest.  *State v. Davis*, 4th Dist. Scioto No. 12CA3506, 2013-Ohio-5311, ¶ 21, citing R.C. 1.14 and Crim.R. 45(A) ("When computing how much time has run against [the state] under R.C. 2945.71, we begin with the day after the date [the defendant] was arrested").  Also, "For purposes of calculating speedy-trial time, 'each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days.'"  *State v. Ramey*, 132

Ohio St.3d 309, 2012-Ohio-2904, 971 N.E.2d 937, ¶ 15, quoting R.C. 2945.71(E).

{¶17} R.C. 2945.72 specifies the circumstances that may extend the 270-day period. *Id.* at ¶ 24. As relevant in the case at bar, R.C. 2945.72(H) states that "the period of any reasonable continuance granted other than upon the accused's own motion" extends the 270-day time period.

{¶18} In general, courts must "strictly construe the speedy trial statutes against the state," *Brecksville v. Cook*, 75 Ohio St.3d 53, 57, 661 N.E.2d 706 (1996), and must "strictly enforce the legislative mandates evident in these statutes." *Pachay*, 64 Ohio St.2d at 221; *e.g., State v. Parker*, 113 Ohio St.3d 207, 2007-Ohio-1534, 863 N.E.2d 1032, ¶ 15. Consequently, "[t]he prosecution and the trial courts have a mandatory duty to try an accused within the time frame provided by the statute." *Ramey* at ¶ 14. If an accused is not brought to trial within the time limits set forth in the speedy-trial statutes, and if an exception does not apply, R.C. 2945.73(B) requires the court, upon motion at or before trial, to discharge the accused.

{¶19} In the case sub judice, the parties dispute whether the trial court's April 12, 2021 entry extended the 270-day period to bring appellee to trial. Appellant argues that after

the first visiting judge filed the April 12, 2021 entry to recuse himself, the speedy-trial time was extended until September 24, 2021, the date of the second visiting judge's status conference. Appellant contends that, as of the date that the second visiting judge recused himself, September 27, 2021, only 197 speedy-trial days had elapsed. Appellant further asserts that speedy-trial time remained tolled until the third visiting judge ruled on appellee's motion. Appellant therefore argues that the 270-day period did not expire.

**{¶20}** Appellee counters that, because the court did not docket the trial court's April 12, 2021 entry until five months later, the first visiting judge's entry did not comply with the requirement that an entry that extends speedy-trial time must be journalized before the 270-day period expires. As such, he argues that because the 166 days that elapsed between April 12, 2021 and September 24, 2021 do not fall within one of the exceptions to extend speedy-trial time, well over 270 days elapsed by the time of the second visiting judge's September 27, 2021 recusal.

**{¶21}** To support his argument, appellee relies upon *State v. Mincy*, 2 Ohio St.3d 6, 441 N.E.2d 571 (1982), and *State v. King*, 70 Ohio St.3d 158, 637 N.E.2d 903 (1994). In *Mincy*, the court

held that when a trial court sua sponte continues a criminal trial, the court "must enter the order of continuance and the reasons therefor by journal entry prior to the expiration of the time limit prescribed in R.C. 2945.71 for bringing a defendant to trial." *Id.* at syllabus. In *Mincy*, on the date the case had been scheduled for trial court personnel contacted the defendant's trial counsel to inform counsel that the trial would not be held as scheduled. Also, the court did not file a journal entry to explain a reason for the continuance. At the time, the defendant had been incarcerated for 87 days.

{¶22} On the defendant's 94th day of confinement, the trial court held a scheduling conference and scheduled the trial to be held 6 days later, on the defendant's 100th day of confinement. Before trial, the defendant moved to dismiss the indictment based upon the state's failure to bring him to trial within the speedy-trial time period. The trial court, however, overruled the motion. Subsequently, a jury found the defendant guilty and he appealed the decision that overruled his motion to dismiss. The appellate court concluded that the defendant did not receive a speedy trial and reversed the trial court's judgment. The state then appealed to the Ohio Supreme Court.

{¶23} After review, the Ohio Supreme Court affirmed the appellate court's decision and judgment. The court characterized the issue as "whether a trial court may wait until after the expiration of the statutory time within which a criminal defendant must be brought to trial to file its journal entry continuing the case and setting forth the reasons for granting the continuance." *Id.* at 7. The court noted that its previous decisions had upheld sua sponte continuances as reasonable, but further pointed out that in those prior cases, "the continuances were made by journal entry prior to the expiration of the time limit in R.C. 2945.71." *Id.* at 8. Thus, the court rejected the state's argument that "because the trial was set within the ninety day period and the continuance was reasonable, no violation of R.C. 2945.71 occurred even though no entry had been made prior to the expiration of the ninetieth day." *Id.* The court explained that it had "previously condemned after-the-fact extension and does not find it to be a meaningful distinction that [the defendant's] trial was initially scheduled within the statutory time limit." *Id.* Consequently, the court held: "Since a court may only speak through its journal, it is necessary that such an entry be

spread upon its journal prior to the expiration of the statutory time limit." *Id.* (citations omitted).

{¶24} In *King*, the court reaffirmed *Mincy* that when a trial court sua sponte continues a criminal trial, it must enter the continuance order and state the reasons for the continuance before speedy-trial time expires. *Id.* at 163. In *King*, the trial court sua sponte continued the defendant's trial "without recording a judgment entry explaining the reasons for continuing the trial beyond the expiration of the ninety-day period." *Id.* at 162. Instead, the trial judge's secretary sent the parties notice of the new trial date. The court reasoned that the secretary's notice was ineffective because "[i]t is axiomatic that '[i]n Ohio a court speaks through its journal.'" *Id.*, quoting *State ex rel. Worcester v. Donnellon*, 49 Ohio St.3d 117, 118, 551 N.E.2d 183 (1990). The court thus concluded that trial courts must journalize sua sponte continuances before speedy-trial time expires.

{¶25} More recently, the Ohio Supreme Court discussed *Mincy*'s requirements as follows:

> Ideally, "[w]hen sua sponte granting a continuance under R.C. 2945.72(H), the trial court must enter the order of continuance and the reasons therefor by journal entry prior to the expiration of the time limit prescribed in R.C. 2945.71 for bringing a defendant to trial."

*Ramey* at ¶ 32, quoting *Mincy*, syllabus.  The *Ramey court* noted

that it had "[o]n several occasions, * * * found it necessary to

address trial courts' imperfect handling of continuances under

R.C. 2945.72(H)."  *Id.* at ¶ 33, citing *State v. McRae*, 55 Ohio

St.2d 149, 152, 378 N.E.2d 476, 477 (1978).  The court stated

that in these imperfect situations, "an appellate court may

affirm a conviction challenged on speedy-trial grounds even if

the trial court did not expressly enumerate any reasons

justifying the delay when the reasonableness of the continuance

is otherwise affirmatively demonstrated by the record."[1]  *Id.;*

*State v. Lee*, 48 Ohio St.2d 208, 210, 357 N.E.2d 1095 (1976)

("[t]he record of the trial court must in some manner

affirmatively demonstrate that a sua sponte continuance by the

court was reasonable in light of its necessity or purpose").

{¶26} In *Lee*, for example, the court stated that when a

court, by entry before the speedy-trial time expires, lists a

---

In *State v. Belville*, ___ Ohio St.3d ___, 2022-Ohio-3879, ___ N.E.3d ___, the court rejected the defendant's argument that R.C. 2945.72(E), which tolls the speedy-trial clock for "[a]ny period of delay necessitated by reason of a * * * motion, proceeding, or action made or instituted by the accused," required trial courts to "contemporaneously announce that a tolling event is taking place." *Id.* at ¶ 31.  The court stated that the plain language of the statute only requires "that the delay be necessitated by the defendant's action." *Id.*

reason for the continuance and notifies the defendant and the defendant's counsel of the continuance, entry, and reasons, then "the reasonableness of the extension cannot be seriously questioned and is satisfactorily evidenced by the failure of the defendant to object and to assert persuasively his basis for a contrary conclusion." *Id.* at 210.

{¶27} Additionally, in *State v. Martin*, 56 Ohio St.2d 289, 384 N.E.2d 239 (1978), the court held that a trial court's sua sponte continuance entry, filed as an App.R. 9(E) supplement to the record, adequately demonstrated the reasonableness of the continuance. In that case, the defendant was arrested and waived the Crim.R. 5 time frame to hold a preliminary hearing. The court scheduled a preliminary hearing and, upon defense counsel's request, later reset the hearing. Some witnesses did not appear, however, so the court rescheduled the hearing. Eventually, the court held the preliminary hearing, found probable cause, and ordered the defendant remain incarcerated pending further action from the grand jury. The court then held a jury trial and the jury found the defendant guilty. The defendant appealed the trial court's decision.

{¶28} During the pendency of the appeal, the trial court filed an App.R. 9(E) supplemental entry that recited the reasons

for continuing the preliminary hearing (crowded docket * * * and due to the expected length of the preliminary hearing)." Next, the entry observed that defense counsel asked the court to continue the preliminary hearing. The entry, however, did not mention the reason for further continuing the hearing, but the trial court record indicated that it had been continued because witnesses did not appear. The appellate court reversed the trial court's judgment and determined that the trial occurred beyond the speedy-trial time limit. The state appealed to the Ohio Supreme Court.

{¶29} After review, the Ohio Supreme Court reversed the appellate court's judgment and determined that the defendant's waiver of the Crim.R. 5 time frame and the trial court's continuances extended the speedy-trial time until the date of the preliminary hearing. In doing so, the court noted that a trial court's sua sponte continuance extends speedy-trial time so long as the record demonstrates "the 'necessity and reasonableness of the continuance.'" *Martin*, 56 Ohio St.2d at 293, quoting *State v. Wentworth*, 54 Ohio St.2d 171, 176, 375 N.E.2d 424 (1978). The court further observed that "'[m]ere entries by the trial court' would satisfy the statutory requirement 'when the reasonableness of the continuance cannot

be seriously questioned.'" *Id.*, quoting *Lee*, 48 Ohio St.2d at 209. The court thus applied these principles and concluded that the continuances of the preliminary hearing were both "good cause" under Crim.R. 5 and "reasonable" under R.C. 2945.72(H). The court noted that the defendant agreed to waive the Crim.R. 5 time period and that the court set the preliminary hearing to be held within a reasonable amount of time, given the court's crowded docket and the anticipated length of the preliminary hearing. Additionally, defense counsel requested an additional continuance that further extended the speedy-trial time period. Next, the court sua sponte continued the preliminary hearing when some witnesses did not appear as scheduled.

**{¶30}** The court concluded that the record and the supplemental journal entry showed that the delay in holding the preliminary hearing was reasonable and that the time that elapsed during this period, therefore, did not count for purposes of computing speedy-trial time.

**{¶31}** Admittedly, *Martin* explicitly expressed displeasure with the use of a "supplemental journal entry * * * to explain the 'reasonableness'" of the continuances *Id.* at 295. The court cautioned that it did not intend "to advocate the use of this procedural tool as a substitute for a lower court affirmatively

demonstrating the reasonableness of an extension pursuant to

R.C. 2945.72(H) in the first place." *Id.* The court explained:

> It is imperative that the trial courts in this state conscientiously strive to perform their statutory duties by stating the circumstances surrounding these continuances so as not to preclude effective appellate review. The necessity and purpose of such an extension should be clearly reflected from the record at the time it was granted.

*Id.*

**{¶32}** Despite these cautions, the *Martin* court nevertheless

concluded that the record and the supplemental journal entry

adequately demonstrated the reasonableness of the trial court's

continuance. We also note that *Martin* has not been overruled.

**{¶33}** We fully recognize that the events that occurred in

the case sub judice are unusual. Appellee's arrest occurred on

March 21, 2020, six days before the Ohio Supreme Court's first

order that acknowledged Am.Sub. HB 197 that tolled all time

limitations and deadlines in the Revised Code. Obviously,

during the ensuing months, courts had to confront extraordinary

circumstances. Nevertheless, in the case at bar the docket

sheet indicates that the trial court's entry to continue the

April 13, 2021 trial date was filed on April 12, 2021. Yet, the

third visiting judge found, and appellee insists, that this

entry was not filed until five months later. Appellant's

memorandum contra to appellee's motion to dismiss also suggests some type of internal office error may have occurred when filing the entry. In any event, we believe that *Ramey*, *Lee,* and *Martin* support the conclusion that the record before us demonstrates the necessity and reasonableness of the continuance. *Ramey* instructs that "the determination of reasonableness must be made on the existing record." *Id.* at ¶ 34. In the case at bar, the record, as it currently exists, contains an April 12, 2021 entry that (1) states that the first visiting judge recused himself from presiding over the trial, (2) vacated the trial date, and (3) provided that speedy-trial time remained tolled. This entry is listed on the court's docket sheet as filed on April 12, 2021. Thus, according to the docket sheet, this entry, docketed on April 12, 2021, tolled the speedy trial time before speedy-trial time expired. Therefore, based upon our review of the existing record, the trial court entered the April 12, 2021 entry before the expiration of appellant's speedy-trial time. We are unable to locate anything in the record to support the assertion that the April 12, 2021 entry was not docketed. The parties did not point to anything in the record, other than unsupported assertions, to demonstrate that the April 12, 2021 entry was not filed until five months after the fact.

{¶34} Furthermore, we believe that the trial court's sua sponte continuance was reasonable. The court's entry states that the trial judge recused himself. A trial judge's recusal constitutes reasonable cause to continue a trial. *See State v. Nichols*, 4th Dist. Adams No. 12CA955, 2013-Ohio-308, ¶ 21, citing *Lyndhurst v. Di Fiore*, 8th Dist. No. 88654, 2007-Ohio-3538, ¶ 10. Moreover, using *Martin*'s logic, even if some procedural irregularity occurred when filing the April 12, 2021 entry, this entry is part of the record on appeal and the clerk's docket sheet indicates that it was filed April 12, 2021. Therefore, we believe that we may properly consider this entry when we ascertain the reasonableness of the continuance. *See Craig v. Welply*, 104 Ohio St. 312, 315, 136 N.E. 143 (1922) ("the court speaks by its journal, and * * * the date of the judgment is the date of its entry upon the journal of the court").

{¶35} Additionally, we do not believe that our decision conflicts with either *Mincy* or *King*. In those cases, the record did not contain any documents that revealed the reasons the trial courts continued the matters. In the case at bar, by contrast, the record contains an entry that expressly reveals the reason that the trial court continued the trial, and the

docket sheet indicates that it was filed before the speedy-trial time expired.

**{¶36}** Consequently, based upon our review of the record, we believe that the trial court's April 12, 2021 sua sponte continuance extended the time period within which the state must bring appellee to trial.  Therefore, we agree with appellant that the speedy-trial clock tolled between April 12, 2021 and September 24, 2021.

**{¶37}** Accordingly, based upon the foregoing reasons, we sustain appellant's assignments of error, reverse trial court's judgment and remand the matter for further proceedings consistent with this opinion.

JUDGMENT REVERSED AND CAUSE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.

ROSS, 22CA21

JUDGMENT ENTRY

It is ordered that the judgment be reversed and the case remanded for further proceedings consistent with this opinion. Appellant shall recover of appellee the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of 60 days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the 60-day period.

The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the 45-day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Wilkin, J.: Concur in Judgment & Opinion

For the Court

BY:_____

Peter B. Abele, Judge

NOTICE TO COUNSEL

ROSS, 22CA21

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.